| ¶ KIRBY, Judge.
The State of Louisiana (“State”) appeals a judgment of the Juvenile Court, which affirmed the judgment of the hearing officer that ordered blood testing of Varice James to determine if he is the father of the minor child born to Helen Thomas on May 18,1993.
The Juvenile Court record reveals the following facts. On May 26, 1993, Varice James executed an acknowledgment of paternity before a notary and two witnesses, stating that he is the natural father of the daughter born to Helen Smith on May 18, 1993. James and Smith have never married. On October 5, 1994, the Department of Social Services for the State of Louisiana (“DSS”), through the Orleans Parish District Attorney’s Office, filed a petition in the Juvenile Court for child support, health insurance and an income assignment order against James. In this petition, the assistant district attorney stated that La. R.S. 46:236.1(F) authorizes the DSS to take direct civil action in a court of competent jurisdiction, to obtain an order of support against any obligor in matters in which a minor child is receiving services from DSS. The petition states that Juvenile Court is the proper court for this action, according to Louisiana Children’s Code article 311. The petition included an identification number under which the minor child is | ^receiving services from DSS. James was ordered to appear and show cause why he should not be ordered to provide child support and dependent health insurance coverage.
At this point, the incompleteness of the record in this matter becomes problematic. Handwritten reasons for judgment from the hearing officer and an April 23, 1999 transcript from the Juvenile Court indicate that James requested a blood test to contest his paternity after the petition for child support was filed. However, the record does not contain any written petition or motion from James.
The hearing officer stated that this action is a challenge to the validity of the acknowledgment and not an action for disavowal. The State agrees with this characterization of the action, noting that in the case of Rousseve v. Jones, 97-1149 (La.12/2/97), 704 So.2d 229, our Supreme Court stated that disavowal actions are reserved to defendants who are presumed to be the father of a legitimate child based on being the husband or former or subsequent husband of the child’s mother. The defendant, in memoranda filed in the record, does not dispute that the issue in this case is the validity of the acknowledgment.
In affirming the decision of the hearing officer, the Juvenile Court judge directed *813 the State to petition the Court to order genetic testing to determine if James is the father of the minor child born to Helen Thomas before proceeding further with its claim for child support. On appeal, the State argues that, even if James had properly filed a petition to nullify the acknowledgment, the Juvenile Court is without jurisdiction to entertain such an action. We agree.
Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. | ¡¡La. C.C.P. art. 2. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. art. 3.
La.Ch.C. art. 302 states, in pertinent part:
(1) Special juvenile courts created by law for Caddo, Orleans, Jefferson, and East Baton Rouge Parishes shall have exclusive original juvenile jurisdiction, and any. other jurisdiction conferred by the statute creating them, in the parish or parishes for which they are created. Judges of these courts shall exercise their juvenile jurisdiction according to the provisions of this Code.
La. Ch.C. art. 311 lists the types of cases involving support of family in which the Juvenile Court has exclusive or concurrent jurisdiction. Art. 311 B(l)(b).,states:
B.(l) A court exercising juvenile jurisdiction shall have concurrent jurisdiction in the following cases involving support of family:
* t'fi * # *
(b) Proceedings ■ brought by. the district attorney to establish paternity or to establish or enforce support pursuant to provisions of R.S. 46:236.1(F).
There is no authority in Ch.C. art. 311 or any other article in the Children’s Code for the filing of a petition to nullify an acknowledgment of paternity in Juvenile Court as a defense to a petition to establish child support.[1]
James argues that the issue of subject matter jurisdiction is not properly before this Court because it was not raised in the Juvenile Court. We disagree. The issue of subject matter jurisdiction may be raised at any stage of an action, even by the Court on its own motion. Whittenberg v. Whittenberg, 97-1424, p. 2 (La.App. 1 Cir. 4/8/98), 710 So.2d 1157, 1158. Ch.C. art. 302 limits the exercise of the Juvenile Court’s jurisdiction to the provisions of the Children’s Code. No provision in that code allows for jurisdiction over an action for nullity of an acknowledgment of paternity. Therefore, we notice on our own motion the want of the Juvenile Court’s subject matter jurisdiction in this matter.[2]
Accordingly, the judgment of the Juvenile Court directing the State to petition the Court for genetic testing to determine if Varice James is the father of the minor child born to Helen Thomas on May 18, 1993 before proceeding further with its claim for child support is vacated. This case is remanded to the Juvenile Court for further proceedings.
JUDGMENT VACATED; CASE REMANDED.

. Our holding does not dispute that a defendant in a child support action has the right to timely contest the validity of an acknowledgment of paternity in a court of competent jurisdiction.

. Due to our holding that the Juvenile Court was without subject matter jurisdiction in this ihatter, .we need not address the remaining arguments of the State. . .