824 So.2d 1264 (2002)
NORTHEAST REALTY, Plaintiff-Appellant
v.
Robert JACKSON, et al., Defendants-Appellees.
No. 36,276-CA.
Court of Appeal of Louisiana, Second Circuit.
August 14, 2002.
*1265 Shonda D. Legrande, Monroe, for Appellant.
Mayer, Smith & Roberts, L.L.P., by David F. Butterfield, Shreveport, for Appellees.
Before WILLIAMS, GASKINS and KOSTELKA, JJ.
GASKINS, J.
Northeast Realty, LLC, the plaintiff in these eviction suits, appeals from an adverse city court judgment. The city court refused to grant the evictions because, as a city court, it lacked jurisdiction to resolve issues of ownership. For the reasons set forth below, we reverse and remand with instructions.

FACTS
Northeast Realty filed rules for eviction on August 21, 2001, in Monroe City Court. It sought to evict Robert Jackson and Ernest Johnson from the Kingston Village Apartment Complex in Monroe.[1] It alleged that proper notice had been given to the defendants on August 15, 2001, but they had not departed from the premises. The defendants were ordered to show cause on August 29, 2001, why they should not deliver the premises and be assessed with costs.
On August 29, 2001, an answer was filed on behalf of Mr. Jackson; he alleged that he managed the Kingston Village Apartment Complex on behalf of Misty Bayou, LLC, and that he had a written lease with Misty Bayou, LLC. According to the answer, there is an ownership dispute over the apartment complex between Northeast Realty and Misty Bayou, LLC. He raised several exceptions: lack of subject matter jurisdiction, vagueness, lack of procedural capacity, and prematurity. The exceptions were taken under advisement and the court ordered the filing of briefs. On *1266 September 18, 2001, Judge B. Scott Leehy overruled all of the exceptions. The court stated that it was not considering any issues of ownership to the subject properties. Overruling the exception of subject matter jurisdiction, the court found that a writ of possession obtained by the plaintiff placed it in possession of the properties and legally authorized it to proceed with the eviction proceedings against any and all tenants. The court also rejected the argument that the amount of the dispute exceeded its jurisdictional limits under La. C.C.P. art. 4844. Since Northeast Realty had legally obtained possession of the properties from the prior management, the court held that the action before it could not be interpreted as an eviction of the former owner. Furthermore, the court noted that the defendants failed to introduce any evidence that the value of their occupancy exceeded the jurisdictional limits of the court.
In the meantime, on September 5, 2001, the plaintiff filed additional rules for eviction against tenants at the complex. They included: Melvin Houston (# 2001E02302), Patrick Mattox/Lawrence Warwick (# 2001E02303), Ernest Johnson (# 2001E02304), Eddie Goldsmith (# 2001E02305), Patricia Wroten (# 2001E02306), Sylvester Vaughn (# 2001E02307), Barbara Wroten/Barbara Ballard (# 2001E02308), and William Boyce (# 2001E02310). These rules sought eviction based on "no lease, no payment, undesirable, failure to fill out application"; they asserted notice had been given August 30, 2001. However, on September 12, 2001, Judge James Garland Smith ordered that these rules be reset pending ruling on the cases then under advisement by Judge Leehy.
On October 15, 2001, trial on the merits was held before Judge Tammy D. Lee. Testimony was given by Joseph Hakim, a shareholder of Northeast Realty, LLC, and Mr. Jackson. The court declined to grant the evictions at that time and took the matter under advisement for 30 days.
On January 16, 2002, Judge Lee signed a judgment denying the evictions sought by the plaintiff. The court based its decision upon the uncertainty surrounding the ownership of the apartment complex. It found that the eviction matter could not be resolved without a clear determination of the right to ownership.
The plaintiff appealed. It also filed a motion to strike in this court, contending that the defendants' brief asserted facts not in the record. We referred the motion to the merits, noting that this court would not consider any evidence not of record.

LAW OF THE CASE

Law
The law of the case principle is a discretionary guide which relates to (a) the binding force of a trial judge's ruling during the later stages of trial, (b) the conclusive effects of appellate rulings at trial on remand, and (c) the rule that an appellate court ordinarily will not reconsider its own rulings of law on a subsequent appeal in the same case. Glenwood Hospital, Inc. v. Louisiana Hospital Service, Inc., 419 So.2d 1269 (La.App. 1st Cir.1982). Reargument in the same case of a previously decided point will be barred where there is simply a doubt as to the correctness of the earlier ruling. However, the law of the case principle is not applied in cases of palpable error or where, if the law of the case were applied, manifest injustice would occur. Glenwood Hospital, Inc. v. Louisiana Hospital Service, Inc., supra.
The reasons for the law of the case doctrine are: to avoid relitigation of the same issue; to promote consistency of result in the same litigation; and to promote *1267 efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue. Day v. Campbell-Grosjean Roofing and Sheet Metal Corporation, 260 La. 325, 256 So.2d 105 (1971); Louisiana Land and Exploration Company v. Verdin, 95-2579 (La.App. 1st Cir.9/27/96), 681 So.2d 63, writ denied, 96-2629 (La.12/13/96), 692 So.2d 1067, cert. denied, 520 U.S. 1212, 117 S.Ct. 1696, 137 L.Ed.2d 822 (1997).
Lack of subject matter jurisdiction, unlike other jurisdictional defects, may not be waived or conferred by the consent of the parties. La. C.C.P. art. 3; Tran v. Schwegmann's Giant Super Market, 609 So.2d 887 (La.App. 4th Cir.1992); Nerness v. Christian Fidelity Life Insurance Company, 98-1827 (La.App.3d Cir.4/21/99), 733 So.2d 146.
The issue of subject matter jurisdiction may be raised at any stage of an action, even by the court on its own motion. Whittenberg v. Whittenberg, 97-1424 (La.App. 1st Cir.4/8/98), 710 So.2d 1157; State v. James, 99-1670 (La.App. 4th Cir.2/23/00), 757 So.2d 811; Nerness, supra.

Discussion
Northeast Realty argues that since Judge Leehy denied the defendants' exceptions, including a challenge to subject matter jurisdiction, on September 18, 2001, it was improper under the law of the case doctrine for Judge Lee to later find that the city court lacked jurisdiction. We note that the exception relating to subject matter jurisdiction was raised in the answer to the initial rules for eviction. Subsequently, additional rules for eviction were filed against several other tenants. Since subject matter jurisdiction as to these additional parties had not been considered previously, we do not find that Judge Lee was necessarily restricted by the law of the case doctrine.

EVICTION

Law
In pertinent part, La. C.C.P. art. 4847 sets forth:
A. Except as otherwise provided by law, a parish court or city court has no jurisdiction in any of the following cases or proceedings:
(1) A case involving title to immovable property.
Eviction is a proper remedy for use by a lessor, who wishes to obtain possession of the premises, when the lessee's right of occupancy has ceased. La. C.C.P. art. 4701. Eviction is also a proper remedy for use by an owner of immovable property, who wishes to evict the occupant therefrom, after the purpose of the occupancy has ceased. La. C.C.P. art. 4702 provides the basis for this remedy and was designed to give an owner of immovable property summary means to evict an occupant without fulfilling the burden and delay required in a petitory action. La. C.C.P. art. 4705 expressly states that the eviction procedure shall not be construed to conflict with the Louisiana Code of Civil Procedure articles relating to actions to determine ownership or possession. Champagne v. Broussard, 401 So.2d 1060 (La.App. 3d Cir.1981), writ denied, 409 So.2d 615 (La. 1981).
An eviction proceeding is not a proper or appropriate place to determine title, where the defendant has a semblance of title. Tartan Transport & Const., Ltd. v. McDonald, 436 So.2d 1270 (La.App. 1st Cir.1983), writ denied, 442 So.2d 446 (La. 1983). Summary eviction procedure is not appropriate to try disputed title to property but is designed for situations where the possessor has no semblance of claim to *1268 title or possession. Foreman v. Luquette, 344 So.2d 1111 (La.App. 3d Cir.1977); Champagne v. Broussard, supra.
La. R.S. 47:2185, which addresses writs of possession, provides:
Upon the presentation of a certified copy of a tax deed for immovables to any judge of competent jurisdiction (such jurisdiction to be determined by the value of the immovables therein described and not the amount of the taxes), the judge shall in chambers grant an order of seizure and possession, commanding the sheriff to seize such property and place the purchaser in actual possession thereof; a writ of possession shall be issued thereon by the clerk, but the purchaser may take actual possession without such order, with the consent or acquiescence of the tax debtor or otherwise, provided no force or violence shall be used.

Discussion
The record contains the following documents pertaining to ownership of the property in question:

City of Monroe Tax Collector's deed seized for nonpayment of taxes due by Kingston Realty Associates; tax sale to Charles Theus, 6/26/96

Motion and order for writ of seizure and possession (Charles Theus v. Kingston Village Realty Associates, # 97-5282, 4th JDC), order signed 12/30/97

Writ of possession(Charles Theus v. Kingston Village Realty Associates, # 97-5282, 4th JDC), ordering sheriff to place Charles Theus in possession of the property, 12/30/97

Sheriff's deed(Central Bank v. Kingston Village Realty Associates, Notar Realty Corp., and Joseph P. Notaro # 97-1036, 4th JDC); land to Central Bank and Misty Bayou, LLC, 4/7/99

DeedCharles Theus sold property to Sunset Realty, Inc. (Joseph H. Hakim, president, 3030 Aurora Avenue, Monroe), for $25,000, 9/28/00

DeedSunset Realty, Inc. (Joseph H. Hakim, president, 3030 Aurora Avenue, Monroe) sold property to Northeast Realty, LLC (Joseph H. Hakim, president, 3030 Aurora Avenue, Monroe), for $25,000, 9/29/00

Judgment (Misty Bayou v. City of Monroe and Charles Theus, # 99-2696, 4th JDC), in favor of Theus, signed 9/29/00

Tax Collector's Deed (Ouachita Parish) seized for nonpayment of taxes by Charles Theus and Misty Bayou, LLC; land to Northeast Realty, Inc., at tax sale on 6/6/01

Motion and order for writ of seizure and possession (Northeast Realty, Inc. v. Charles Theus and Misty Bayou, LLC, # 01-2556, 4th JDC), order signed 6/20/01.

Writ of possession(Northeast Realty, Inc. v. Charles Theus and Misty Bayou, LLC, # 01-2556, 4th JDC), ordering sheriff to place Northeast Realty, Inc. in possession of the property, 6/25/01

Motion and order for amended writ of seizure and possession (Northeast Realty, LLC v. Charles Theus and Misty Bayou, LLC, # 01-2556, 4th JDC), to correct name to "Northeast Realty, LLC" instead of "Northeast Realty, Inc."; order signed 9/4/01
In both her oral reasons and written judgment, Judge Lee expressed uncertainty as to the ownership of the property after reviewing these documents; consequently, the court refused to grant any of the evictions sought by Northeast Realty, LLC. While Judge Lee's concern was understandable, we believe that Judge Leehy correctly decided the issue of subject matter jurisdiction in his earlier ruling on the *1269 exceptions. Judge Leehy especially considered the 1996 tax collector's deed to Theus, the 9/28/00 deed from Theus to Sunset Realty, Inc., the 9/29/00 deed from Sunset Realty, Inc., to Northeast Realty, LLC, and the subsequent writ of possession in favor of Northeast Realty, LLC. In light of these documents, Judge Leehy found that the under the writ of possession which was issued pursuant to the order of a district courtNortheast Realty, LLC, had been placed in possession of the property and was authorized to proceed with eviction proceedings against any and all tenants. We agree.
The defendants also raise the issue of the city court's jurisdictional amount. Under La. C.C.P. art. 4843(E)(2), jurisdictional amount of the Monroe City Court is $15,000. When suit is to evict an occupant, La. C.C.P. art. 4844 provides that the annual value of the right of occupancy must not exceed the jurisdictional limit of La. C.C.P. art. 4843(E)(2) or the amounts set forth in La. C.C.P. art. 4844(3) or (4). La. C.C.P. art. 4844(4) establishes a maximum annual rental of $36,000. The instant suits are to evict tenants; however, one of the tenants is the manager of another entity asserting entitlement to the property. Thus, the defendants argue that since the tax assessor's records give a value of more than $50,000 for the property, the city court lacks jurisdiction because the right of occupancy exceeds the court's jurisdictional amount. However, the annual value of the right of occupancy is the fair rental value of the property. St. Pierre v. Hirschfeld, 569 So.2d 222 (La.App. 1st Cir. 1990). We find that the evidence in this record is inadequate as to the value of this right of occupancy. See Home Distribution, Inc. v. Dollar Amusement, Inc., 98-1692 (La.App. 1st Cir.9/24/99), 754 So.2d 1057; St. Pierre v. Hirschfeld, supra.; Arnona v. Arnona, 477 So.2d 120 (La.App. 4th Cir.1985), writ denied, 479 So.2d 367 (La.1985).
We reverse the trial court judgment signed by Judge Lee refusing to grant eviction. We remand the matter to the city court. Northeast Realty, LLC, may proceed with eviction proceedings against the current tenants upon filing of the appropriate rules to evict. However, in those pleadings, the plaintiff shall have the burden of proving that the amount in dispute is within the subject matter jurisdiction of the city court.

CONCLUSION
The judgment of the city court is reversed. The matter is remanded for proceedings in compliance with this opinion. Costs are assessed to the appellees.
REVERSED AND REMANDED.
NOTES
[1] Although the record is somewhat confusing and disorganized, it appears that the following rules were filed: # 2001E02177, against Ernest Johnson at 335 Francis Drive; # 2001E02178, against Robert Jackson at 414, 416, 418 King Street; and # 2001E02179, against Robert Jackson at "4901-4903 Blanks (Misty Bayou Office)". In the first two rules, the reason for eviction is "no lease, undesirable & non payment." In the last one, the basis is "complex turned over to Northeast Realty. Copy of writ of possession is attached."