I,STEWART, J.
This is an appeal from a judgment of eviction rendered against Ernest Johnson, the appellant, by the Monroe City Court in favor of Northeast Realty, L.L.C. (“Northeast”). Johnson argues that there was a procedural defect in the notice to vacate and that the city court lacked subject matter jurisdiction. Finding no merit in Johnson’s arguments, we affirm the judgment of eviction.
FACTS
On August 21, 2001, Northeast began eviction proceedings against Johnson and other tenants of the Kingston Village Apartment Complex in Monroe. Judge Tammy D. Lee signed a judgment denying the evictions on January 16, 2002. Judge Lee found there to be uncertainty as to Northeast’s ownership of the complex and denied the evictions because the city court lacked subject matter jurisdiction to resolve issues of ownership. Northeast appealed.
In Northeast Realty v. Jackson, et al., 36,276 (La.App.2d Cir.8/14/02), 824 So.2d 1264, we reversed the trial court’s judgment and remanded the matter for further proceedings, noting that Northeast would have the burden of proving that the amount in dispute is within the city court’s subject matter jurisdiction. We found that the jurisdictional issue had been correctly decided by Judge B. Scott Leehy when he had overruled an exception on subject matter jurisdiction. We agreed with Judge Leehy that Northeast had been placed into possession of the complex through a succession of deeds and a writ of possession and that Northeast was authorized to proceed with the evictions. The procedural history and | ¡.background facts of this matter are set forth in Northeast, supra, and will not be repeated here.
On August 22, 2002, following remand, Northeast filed a rule to show cause why the evictions should not proceed. Trial was conducted before Judge Lee on October 1, 2002. The record indicates that Johnson has no lease with Northeast. However, there was testimony of a written lease between Johnson and Misty Bayou, L.L.C., (“Misty Bayou”), an entity that is not a party to this suit but which appears to have had some previous ownership interest in .the complex. The record indicates that Johnson did not pay rent but instead provided nighttime security services at the complex on behalf of Misty Bayou. In Johnson’s defense, his counsel *949 argued that Johnson was part of Misty Bayou’s management team and that the eviction proceedings were really an attempt to evict Misty Bayou’s management. As such, counsel argued that the amount in dispute exceeded the city court’s jurisdictional limit because the value of the right of occupancy would have to be based on the total rental value of the property rather than on the value of Johnson’s individual right of occupancy. Judge Lee apparently rejected this argument because she rendered a judgment of eviction against Ernest Johnson on October 11, 2002. Although evictions were granted in favor of Northeast as to other tenants, only Johnson has appealed his eviction.
DISCUSSION
Johnson presents two issues for our review. The first issue pertains to the notice to vacate, which he asserts was procedurally defective. Johnson argues that because he had no lease with Northeast, he was entitled to a Rnotice to vacate in accordance with La. C.C. art. 2686. Article 2686 requires written notice to vacate at least ten days before the expiration of the month which has begun to run when there is no agreement as to the duration of the lease. Johnson was provided a notice to vacate on August 15, 2001 pertaining to the initial eviction filed August 21, 2001, Docket No. 2001E02177. Johnson was provided a second notice to vacate on August 30, 2001, pertaining to another eviction filed September 5, 2001, Docket No. 2001E02304.[1] Johnson argues these notices were ineffective because they provided only five days notice as opposed to the ten days before the expiration of the month required by La. C.C. art. 2686.
Our review of the record reveals that Johnson did not raise this issue before the trial court. Our scope of review is limited to issues which were submitted to the trial court. U.R.C.A. Rule 1-3. Accordingly, we need not consider this issue. Nevertheless, we find no merit in Johnson’s argument. He had no lease with Northeast, thus La. C.C. art. 2686, which addresses the situation where there is a lease with no set term for duration, did not apply in this instance. Both notices to vacate complied with La. C.C.P. arts. 4701 and 4702 as they provided Johnson, an occupant of the premises with regard to Northeast, with notice to vacate in not less than five days from delivery of the notice. Moreover, the notices to vacate once served remained effective as the basis for the eviction proceedings even after the initial denial by the trial court and subsequent remand by this court. See Board of Levee Commissioners of Orleans Levee District v. Magee Aircraft Co., 77 So.2d 239 (La.App. Cir. 1955).
The second issue presented by Johnson pertains to the jurisdiction of the city court. Johnson argues that because he had no lease with Northeast, the amount in dispute for jurisdictional purposes is determined by the value of the right of occupancy in accordance with La. C.C.P. art. 4844. Johnson asserts that he was a member of Misty Bayou’s management team, that the value of the right of occupancy should be based on the annual rental value of the property which Misty Bayou could generate, and that this annual sum would greatly exceed the city court’s jurisdictional limit. Johnson equates his eviction with an eviction of Misty Bayou’s management team. We find no merit in this argument.
*950 The record discloses that Johnson had a lease with Misty Bayou. However, in lieu of paying rent, he provided some type of nighttime security service at the complex. This does not establish that Johnson was engaged in the management of the apartment complex by or on behalf of Misty Bayou. Regardless of Johnson’s arrangement with Misty Bayou, his eviction is not an eviction of Misty Bayou’s management team. Misty Bayou is not a party to these proceedings and has not intervened. Any title dispute that Misty Bayou has with Northeast is not a part of this matter. In fact, no basis has been shown for calculating the jurisdictional amount based on the annual value of the right of occupancy of Misty Bayou.
We have already determined in Northeast Realty v. Jackson, et al., supra, that Northeast is authorized to proceed with the evictions. This | ^matter involves only the eviction of Johnson by Northeast. Johnson has no lease with Northeast and has paid no rent to Northeast. With regard to Northeast, Johnson is an occupant as he has been occupying the property by permission or accommodation of its former owner or former occupant, Misty Bayou. See La. C.C.P. art. 4704. It is clear from the record that the annual value of Johnson’s right of occupancy does not exceed the Monroe City Court’s jurisdictional limit of $15,000. Accordingly, this matter fit squarely within the Monroe City Court’s jurisdiction and was properly decided.
CONCLUSION
For the reasons expressed, we affirm the judgment of eviction against the appellant, Ernest Johnson. Costs are assessed to Johnson.
AFFIRMED.

. The eviction proceeding filed in Docket No. 2001E02304 was the one ultimately granted by the trial court.