920 So.2d 997 (2006)
PTS PHYSICAL THERAPY SERVICE, INC., Major Brock, Jr. Agent, Plaintiffs-Appellees
v.
MAGNOLIA REHABILITATION SERVICE, INC., Defendant-Appellant.
Nos. 40,558-CA, 40,559-CA.
Court of Appeal of Louisiana, Second Circuit.
January 27, 2006.
*998 Klotz, Simmons & Brainard by B. Trey Morris, Harry D. Simmons, Shreveport, John Nathaniel Bokenfohr, for Appellant.
Stone & Lester, LL, by Calvin B. Lester, J., Shreveport, for Appellees.
Before CARAWAY, MOORE and LOLLEY, JJ.
LOLLEY, J.
Magnolia Rehabilitation Service, Inc. ("Magnolia") appeals a judgment of eviction in favor of PTS Physical Therapy Service, and its agent, Major Brock, Jr. (collectively "PTS"). This appeal involves an action of eviction which arises from Shreveport City Court, Shreveport, Louisiana, Parish of Caddo, State of Louisiana. For the reasons assigned, we reverse the judgment of eviction and remand the matter for further proceedings.

FACTS
This matter involves two eviction proceedings initiated by PTS against Magnolia. Magnolia states that in September 27, 2002, it entered into a lease contract with PTS and agreed to pay rent in the amount of $1,650 per month on property located at 2005 Creswell Street, Shreveport, Louisiana, (the "property"). According to Magnolia, under the terms of the lease contract, it had an option to purchase the property which it claimed it exercised, only to discover that PTS did not have clear title to the property. Magnolia contends it then contacted the parties believed to own the property. Purportedly, on February 13, 2005, a Quit Claim Deed was entered into declaring Northwest Physical Medicine, L.L.C. ("Northwest") to be the true owner. Magnolia avers that in February, 2005, Northwest granted it the right to continue occupancy of the property and offered it a one-year lease. However, the record does not contain a copy of the alleged lease.
On February 15, 2005, PTS filed an action to evict Magnolia in Shreveport City Court (No. 49,559-CA). Magnolia filed an answer averring affirmative defenses, as *999 well as filing a Peremptory Exception of No Right of Action claiming that the charter of PTS was revoked, that PTS was no longer recognized as a juridical person, and, therefore, had no standing to bring the action for eviction. Magnolia also filed a Declinatory Exception of Lack of Subject Matter Jurisdiction claiming that the action of eviction involved ownership of immovable property, ownership of stock in PTS, and that the Shreveport City Court did not have the subject matter jurisdiction to hear matters related to ownership of immovable property. Subsequently, a hearing on the matter was held in Shreveport City Court, and the trial court granted Magnolia's two exceptions, dismissing the suit without prejudice.
On April 7, 2005, PTS filed a second action in Shreveport City Court (No. 40,558-CA) seeking to evict Magnolia from the property again. The trial court consolidated both actions as the two matters were between the same two parties and involved the same subject matter. An eviction hearing was held on April 15, 2005. Counsel for both parties gave statements to the trial court, but no testimony was adduced, nor evidence offered into the record by PTS. PTS alleged that Magnolia owed $27,000 for past due rent, and the claim for that amount was pending in the First Judicial District Court for Caddo Parish, Louisiana. Magnolia advised the trial court that it had obtained a new lease in February 2005 from another alleged owner of the property.
Following arguments by counsel, the trial court made an oral ruling to evict Magnolia retroactively through February 1, 2005. Although the transcript of the hearing indicates the new lease between Magnolia and Northwest was shown to and recognized by the trial court, it was not filed into evidence. The written judgment indicates the trial court rendered a judgment of eviction against Magnolia as of April 15, 2005, which was the date of the hearing. Of note, the record shows that the written judgment contains an ambiguous notation at the bottom, ostensibly in the trial judge's handwriting, which indicates the dates September 27, 2003, to February 1, 2005, with no explanation as to its purpose. Subsequently, Magnolia filed this suspensive appeal. PTS did not answer the appeal.

DISCUSSION
On appeal, Magnolia raises several assignments of error. In its first assignment of error, it contends the trial court erred as a matter of law in granting an eviction without taking any evidence, introduction of any exhibits, or placing any witnesses under oath.
Eviction is a proper remedy for use by a lessor, who wishes to obtain possession of the premises, when the lessee's right of occupancy has ceased. La. C.C.P. art. 4701. Eviction is also a proper remedy for use by an owner of immovable property, who wishes to evict the occupant therefrom, after the purpose of the occupancy has ceased. Louisiana C.C.P. art. 4702 provides the basis for this remedy and was designed to give an owner of immovable property summary means to evict an occupant without fulfilling the burden and delay required in a petitory action. Louisiana C.C.P. art. 4705 expressly states that the eviction procedure shall not be construed to conflict with the Louisiana Code of Civil Procedure articles relating to actions to determine ownership or possession. Northeast Realty v. Jackson, 36,276 (La.App.2d Cir.08/14/02), 824 So.2d 1264; Champagne v. Broussard, 401 So.2d 1060 (La.App. 3d Cir.1981), writ denied, 409 So.2d 615 (La.1981).
Here, the trial court asked counsel for PTS if he wanted to put on testimony or *1000 state his client's position. Counsel opted to state his client's position. Although no objection was made by Magnolia, PTS did not call any witnesses, nor was any evidence introduced into the record establishing its claim at the hearing. The documents contained in the record were not identified as exhibits for PTS, nor were they authenticated or was a foundation laid for entrance into evidence. Further, we find nothing in the record to indicate that the trial court took judicial notice of the leases or for that matter any other facts or documents.
We find the record is void of evidence that PTS presented a prima facie case that it was the owner of the property, notice to vacate had been served on Magnolia, or the purpose of occupancy by Magnolia had been terminated, as required in eviction proceedings. See La. C.C.P. art. 4701. Hence, we find merit to Magnolia's first assignment of error that the trial court erred in concluding that PTS had established legal grounds on which Magnolia should be ordered evicted. See also, Edwards v. Edwards, 439 So.2d 478 (La. App. 1st Cir.1983).
Magnolia next raises the issue of whether Shreveport City Court had subject matter jurisdiction to hear the matter. The issue of subject matter jurisdiction may be raised at any state of an action, even by the court on its own motion. Northeast Realty v. Jackson, supra.
Initially, we recognize that the record indicates there is an ownership dispute concerning title to the property. In pertinent part, La. C.C.P. art. 4847 states:
A. Except as otherwise provided by law, a parish court or city court has no jurisdiction in any of the following cases or proceedings:
(1) A case involving title to immovable property. (emphasis added.) See, Northeast Realty, supra; King v. Young Properties, 2004-680 (La.App. 3d Cir.10/27/04), 893 So.2d 895, writ denied, XXXX-XXXX (La.04/29/05), 901 So.2d 1076. So considering, we find the trial court lacked subject matter jurisdiction to decide this matter. We pretermit any discussion on the remaining assignments of error.

CONCLUSION
We find the trial court erred as a matter of law in granting the eviction, because PTS failed to established a legal basis on which a judgment of eviction could be rendered against Magnolia. We further find the trial court lacked subject matter jurisdiction to hear a matter concerning a dispute involving immovable property. The city court's judgment of eviction is therefore reversed, and the matter is remanded to the trial court for further proceedings. Costs are assessed to PTS.
REVERSED AND REMANDED.