STEWART, J.
|,The defendant, named in the petition as “Occupants of 901 East 70th Street,” appeals a judgment of eviction entered by the Shreveport City Court in favor of Moody Investment Corporation. For the following reasons, we affirm.
FACTS
On November 14, 2007, Moody Investment Corporation filed a “Petition for Eviction” against the “Occupants of 901 East 70th Street,” identified in the record and referred to hereafter as Jeanie Harris. The petitioner was represented by its agent, Robbie Bond. The matter went before the city court judge on November 27, 2007. The minutes relate that the agent for the petitioner and Harris testified. The city court judge found in favor of the petitioner and rendered a judgment of eviction ordering Harris to vacate the premises on or before November 28, 2007, at 5:00 p.m. The eviction hearing was not transcribed, and there is no indication that any documentary evidence was admitted into the record during the hearing. Moreover, no narrative of the facts was produced in accordance with La. C.C.P. art. 2131.
Harris filed a “Petition for Appeal” and a “Motion for a New Trial.” Both include allegations suggesting that she attempted to introduce some evidence of ownership at the eviction hearing but that her documentation was insufficient. A copy of a quitclaim deed dated May 14,1999, upon which Harris bases her claim of ownership, was attached to the motion for a new trial.
li>On November 29, 2007, the city court judge conducted a hearing on the motion for a new trial. A transcript of the hearing is in the record. The city court judge noted that Harris had attempted to introduce a title during the eviction proceeding, but that the title had “nothing but scratch” on it. Though the minutes state that the defendant offered a cash sale deed, identified as D-l, into evidence during the hearing on the motion for a new trial, the transcript does not clearly reflect that any documentary evidence was offered or accepted into the record. Rather, the transcript indicates that the parties had documentation in the form of competing deeds which were reviewed by the city court judge but not admitted into evidence as exhibits.
R. Lee Harvill, identified in the record as the landlord/owner of the property and as “V.P.” and secretary of Moody Investment Corporation, testified that Jake Cul-lick bought the property at a tax sale in 1987, but that the property was redeemed 21 days later by DeLaune & DeLaune, a law firm. Though he did not own the property, Cullick sold his interest by quitclaim deed to Harris in 1999. The city court judge observed that Cullick “couldn’t sell what he didn’t own.”
Harris explained that she had been in physical possession of the property and had paid taxes on it. She also questioned the validity of the title held by Moody Investment. However, the city court judge stated that the petitioner had produced a certified copy that satisfied him on the issue of ownership. Again, we note that none of the documentation reviewed by the court at the hearing was introduced as evidence into the record. The city court judge informed Harris that any issues concerning title and ownership Rof the property would have to be addressed in “another jurisdiction.” Finding that Harris failed to provide sufficient information for a new trial, the city court judge ruled that the eviction would stand. This appeal followed.
DISCUSSION
Harris argues that the judgment of eviction should be reversed based on the city *122 court’s lack of jurisdiction over matters involving the ownership of immovable property. She asserts that she produced evidence of her ownership in the form of a cash sale deed, thus establishing a semblance of title that precludes eviction. In response, Moody Investment argues that the record contains no evidence of Harris’s ownership of the property. Also, her attempt to raise the issue of ownership on the motion for a new trial based on the quitclaim deed was not sufficient to overcome Harvill’s testimony that the property had been redeemed by its owner before it was sold to Harris.
Eviction is the proper remedy for use by an owner of immovable property who wishes to evict the occupant therefrom, after the purpose of the occupancy has ceased. La. C.C.P. art. 4702. This provision gives the owner of immovable property summary means of evicting an occupant without having to meet the burden and delay required in a petitory action. PTS Physical Therapy Services v. Magnolia Rehabilitation Service, Inc., 40,558 (La.App. 2d Cir.1/27/06), 920 So.2d 997; Ward-Steinman v. Karst, 465 So.2d 225 (La.App. 3d Cir.1985). As expressly provided in La. C.C.P. art. 4705, the eviction procedure is not to be construed to conflict with | ¿Articles 3651 through 3664 of the Code of Civil Procedure relating to actions to determine ownership or possession of immovable property. Id.; Northeast Realty v. Jackson, 36,276 (La.App. 2d Cir.8/14/02), 824 So.2d 1264.
In an eviction proceeding against an occupant, the petitioner is required to make a prima facie showing of title to the property, prove that the defendant is an occupant as defined in La. C.C.P. art. 4704, and show that the purpose of the occupancy has ceased. R & R Land Company v. Lawson, 427 So.2d 1356 (La.App. 2d Cir. 1983). This appeal is not based on the petitioner’s failure to satisfy these requirements of proof; rather, it is based on Harris’s claim that she has a title to the property that would preclude her eviction.
The following discussion of appellate review is applicable to this matter:
It is well settled that pursuant to La. C.C.P. art 2164, an appellate court must render its judgment upon the record on appeal. The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, judgments and other rulings. The appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Memoranda and exhibits not filed in evidence are not part of the record on appeal. The briefs of the parties and the attachments thereto are not part of the record on appeal. Further, this court does not consider exhibits filed in the record which were not filed into evidence. [Citation omitted.]
Titlesite, L.C. v. Webb, 36,437, p. 12 (La.App. 2d Cir.12/11/02), 833 So.2d 1061, 1068-1069.
A less than ideal record has been presented for our appellate review. There is no transcript of the hearing on the rule to evict, though the minutes | sindícate that the agent for the plaintiff and Jeanie Harris both testified. By rendering a judgment of eviction after hearing the testimony, the trial court apparently concluded that Moody Investment proved a sufficient basis for the eviction, including a prima facie showing of ownership of the property-
The motion for a new trial is based on a quitclaim deed evidencing Harris’s claim of ownership. Summary eviction proceedings are not appropriate for resolving title disputes; rather, the summary *123 eviction procedure is designed for situations where the party to be evicted has no semblance of title. Northeast Realty, supra; Tartan Transport & Const., Ltd. v. McDonald, 436 So.2d 1270 (La.App. 1st Cir.1983), writ denied, 442 So.2d 446 (La.1983); Foreman v. Luquette, 344 So.2d 1111 (La.App. 3d Cir.1977). If title to immovable property is in dispute, the city court lacks jurisdiction over the case. La. C.C.P. art. 4847.
Harris argues that her production of the quitclaim deed as evidence of her ownership at the hearing on the motion for a new trial brought the issue of title into question thereby precluding the eviction and depriving the city court of jurisdiction .over the matter. Based on the record before us, we find no merit in this argument.
Though the minutes state that the defendant, Harris, offered a cash sale deed into evidence as exhibit D-l, the transcript of the hearing on the motion for new trial does not reflect this. A copy of a deed is in the record, presumably as an attachment to the motion for a new trial, but it is not identified as an exhibit that was filed into evidence. We cannot consider exhibits in the record that were not filed into evidence. Titlesite, supra. \ fiWithout considering the deed, we cannot say that Harris came forth with any evidence to show a semblance of title. The motion for a new trial was properly denied.
Even if we were to consider the cash sale deed, it would not alter our finding of no error in the trial court’s judgment of eviction and denial of a new trial. The deed is a quitclaim deed dated May 14, 1999, executed by the vendors, Jake Culliek and his wife. It conveys for $300 only the interest acquired at a Caddo Parish tax sale in 1987. However, Harvill testified at the hearing on the motion for a new trial that the property sold at the 1987 tax sale was redeemed 21 days later and that Culliek had no interest to convey at the time of the 1999 sale to Harris. The city court judge believed this testimony, which the transcript indicates was supported by some documentation shown to the judge but not introduced into evidence. Based on this testimony, the city court judge could have found that Harris failed to show a semblance of title. With no semblance of title on the part of the defendant, the eviction proceeding did not become a title dispute over which the city court would lack jurisdiction. We find no error in the lower court’s denial of the motion for a new trial.
We note that the eviction does not necessarily preclude Harris from pursuing other remedies concerning title to the property that may be available under La. C.C.P. arts. 3651 through 3664 and which fall beyond the city court’s jurisdiction.
^CONCLUSION
For the reasons stated, we affirm the trial court’s judgment at appellant’s cost.
AFFIRMED.