GARRETT, J.
11 Reginald Scott appeals from a city court eviction judgment rendered in favor of his former wife. For the reasons given below, we reverse and vacate the city court judgment because the city court lacked subject matter jurisdiction over this dispute.
*461 FACTS
Reginald and Angela Scott, a married couple, bought a house on South Grand Street in Monroe in August 2003. They failed to pay the 2004 city property taxes and the property was adjudicated to Delores Manuel for $223.40 at the tax sale held on June 29, 2005. The Scotts were divorced by judgment rendered on February 25, 2011. On April 25, 2012, Ms. Manuel executed a quitclaim deed conveying all of her right, title and interest in and to the property to Mrs. Scott, without any warranty of title and without any amount of consideration being shown on the deed.
On March 22, 2013, Mrs. Scott filed a rule for eviction in Monroe City Court to remove Mr. Scott from the house. She alleged that she acquired the property as a single woman after the divorce, and Mr. Scott has no ownership interest in it. Mrs. Scott also asserted that Ms. Manuel had record title to the property when she quit-claimed it to Mrs. Scott in 2012 since the three-year redemptive period had run out. Mrs. Scott alleged that written notice to vacate the property had been given to Mr. Scott but he refused to comply.
The matter was tried as a summary proceeding in Monroe City Court on April 3, 2013. At the outset, Mr. Scott, who was unrepresented, informed the court that Mrs. Scott had tried to evict him twice the previous month before a different city court judge, but both times the judge dismissed |gthe case for lack of jurisdiction and advised Mrs. Scott that the appropriate forum for the dispute was district court. Mrs. Scott’s attorney argued that in the previous court appearances Mrs. Scott had been proceeding in proper person and had been unable to show that she alone owned the property. However, the attorney was not present during the earlier proceedings and had no first-hand knowledge of the reasoning behind the two prior dismissals. Without addressing the legal effect of the prior dismissals, the city court judge proceeded to hear evidence on the instant rule to evict.
Mrs. Scott testified that after she moved out of the house, the taxes were not paid and the house was sold at a tax sale. She stated that she began talking to Ms. Manuel in 2010 to verify her husband’s claims that he was making payments to redeem the house from Ms. Manuel. After she learned from Ms. Manuel that he had stopped after making only one payment, she began paying to acquire the house for herself. However, she received legal advice that if she made the payments while she and Mr. Scott were still married, “it would just go back to the way it was.” Mrs. Scott reached an agreement with Ms. Manuel whereby Ms. Manuel allowed her to wait until after the divorce to make the final payments. Mrs. Scott testified that she and her husband divorced in February 2011, and there was no community property settlement because they no longer owned the house or any other community property at the time she filed for divorce. After the divorce, Mrs. Scott resumed making payments, ultimately paying Ms. Manuel a total of $1,045 to reimburse her for the property taxes she had paid over the years.
According to Mrs. Scott’s testimony, at the time she began making payments, Mr. Scott was not living in the house. He moved back in only Rafter she paid Ms. Manuel and she told him that she intended to live there herself.
Mr. Scott testified that after the 2005 tax sale, he reached an agreement with Ms. Manuel whereby he would pay her the amounts she had paid in order to redeem the property for his family. Ms. Manuel acknowledged that she did receive one payment in the amount of $180 from Mr. Scott. Although he promised her re *462 peatedly that he would make additional payments, Ms. Manuel testified that he failed to do so. Later Mrs. Scott visited her and offered to pay. Although Ms. Manuel tried to call Mr. Scott and give him another chance to pay, she was unable to contact him. Consequently, she accepted payment from Mrs. Scott. Ms. Manuel testified that she and Mrs. Scott went to a lawyer and had the quitclaim deed to Mrs. Scott prepared and executed.
During cross-examination by Mrs. Scott’s lawyer, Ms. Manuel stated that the $180 payment from Mr. Scott was not rent, but repayment of the taxes she had paid on the house. She also stated that the one payment made by Mr. Scott was before the Scotts’ divorce. She denied any written agreement between herself and Mr. Scott to sell the property back to him. She testified that she was aware that the couple was divorced when she quitclaimed the house to Mrs. Scott and that she intended to convey it to Mrs. Scott alone. She further testified that she had paid more than $1,000 in taxes and that she only sought to recoup what she spent.
The city court judge granted judgment in Mrs. Scott’s favor and signed a judgment of eviction on April 3, 2013, ordering Mr. Scott to vacate the premises within 24 hours. A return filed in the record showed that the Reviction judgment was served at the residence that same day. Also that same day, Mr. Scott — now represented by counsel — filed a petition for appeal. He asserted that the community property between the parties was never divided and that the quitclaim deed did not grant full title to Mrs. Scott. He further argued that the two prior eviction cases based on the same facts had been dismissed for lack of jurisdiction by another city court judge. He was granted a sus-pensive appeal on April 4, 2013; however, the record does not indicate that he posted the appeal bond.
Mrs. Scott then obtained a warrant for possession on April 5, 2013. On April 8, 2013, the warrant of possession was received by a deputy city marshal. The record indicates that a deputy city marshal evicted Mr. Scott on April 19, 2013, with a notation that Mrs. Scott had given him time to move and that Mr. Scott had removed all of his items from the residence.
LAW
Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled. La. C.C.P. art. 1. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. art. 3.
| sCity courts have limited jurisdiction. La. C.C.P. art. 4832. The subject matter jurisdiction of city courts is limited by the amount in dispute and by the nature of the proceeding. La. C.C.P. art. 4841. In relevant part, La. C.C.P. art. 4847 provides:
A. Except as otherwise provided by law, a ... city court has no jurisdiction in any of the following cases or proceedings:
(1) A case involving title to immovable property.
*463 (4) A claim for annulment of marriage, divorce, separation of property, or alimony.
B. In addition, city courts shall not have jurisdiction in ... partition proceedings.
The issue of subject matter jurisdiction may be raised at any stage of an action, even by the court on its own motion. Northeast Realty v. Jackson, 36,276 (La.App.2d Cir.8/14/02), 824 So.2d 1264; PTS Physical Therapy Serv., Inc. v. Magnolia Rehab. Serv., Inc., 40,558 (La.App.2d Cir.1/27/06), 920 So.2d 997.
An eviction proceeding is not a proper or appropriate place to determine title, where the defendant has a semblance of title. Northeast Realty v. Jackson, supra. Summary eviction procedure is not appropriate to try disputed title to property but is designed for situations where the possessor has no semblance of claim to title or possession. Northeast Realty v. Jackson, supra; Moody Inv. Corp. v. Occupants of 901 E. 70th St., 43,396 (La.App.2d Cir.8/13/08), 990 So.2d 119. If title to immovable property is in dispute, the city court lacks jurisdiction over the case. La. C.C.P. art. 4847; Moody Inv. Corp. v. Occupants of 901 E. 70th St., supra.
| fiEviction is a proper remedy for use by an owner of immovable property, who wishes to evict the occupant therefrom, after the purpose of the occupancy has ceased. La. C.C.P. art. 4702 provides the basis for this remedy and was designed to give an owner of immovable property summary means to evict an occupant without fulfilling the burden and delay required in a petitory action. La. C.C.P. art. 4705 expressly states that the eviction procedure shall not be construed to conflict -with the Louisiana Code of Civil Procedure articles relating to actions to determine ownership or possession. Northeast Realty v. Jackson, supra; PTS Physical Therapy Serv., Inc. v. Magnolia Rehab. Serv., Inc., supra.
In an eviction proceeding against an occupant, the petitioner is required to make a prima facie showing of title to the property, prove that the defendant is an occupant as defined in La. C.C.P. art. 4704, and show that the purpose of the occupancy has ceased. Moody Inv. Corp. v. Occupants of 901 E. 70th St., supra.
In some instances, a purchase by a co-owner from a third-party tax sale adjudica-tee outside the redemptive period may inure to the benefit of the other co-owners and provide a redemptive effect. See Liner v. Lewis, 34,746 (La.App.2d Cir.6/22/01), 792 So.2d 822, writ denied, 2001-2547 (La.12/7/01), 803 So.2d 972, and cases discussed therein. Also, La. R.S. 47:2209, which was added by Acts 2008, No. 819, provides:
Notwithstanding any provision of law to the contrary, when a tax debtor or an owner participates, directly or indirectly, in a post-adjudication sale or donation during or subsequent to expiration of the redemptive period, it shall be treated as a redemption, and the tax debtor or owner shall be required to pay all taxes and costs in accordance with all laws applicable to redemptions. However, if the property is redeemed, all mortgages, liens, privileges, and other 17encumbrances affecting the property prior to the sale shall remain in full force and effect with the same validity and priority as if the sale had not occurred.
DISCUSSION
Mr. Scott argues that the city court lacked jurisdiction because the matter involved community property and disputed *464 ownership of immovable property.[1] We agree.
The instant case presents a surprisingly complex factual situation. After the marital home was sold in the tax sale to Ms. Manuel, both spouses made payments to the tax sale purchaser to redeem the property. The community property regime may have still been in existence when some of the payments were made. Mr. Scott negotiated a deal with Ms. Manuel to redeem the property on behalf of his family and made a payment to her pursuant to that agreement. Thereafter, Mrs. Scott made a separate agreement with Ms. Manuel to make payments to acquire the house for herself. The record also shows that Mrs. Scott did not pay Ms. Manuel the fair market value of the property but only reimbursed her for the sums she expended on the taxes for it. Furthermore, nothing in this record suggests that Ms. Manuel ever filed an action to quiet her tax title. Obviously, all of these factors give rise to serious and as yet unresolved questions about the disputed title to the property; the obligations owed by spouses and former spouses with regard to community property; obligations between co-owners; rights of co-owners; and a myriad of other legal issues pertaining to immovable property.
|sDue to the unusual and disputed title issues presented under the circumstances of this case, we find that the city court lacked subject matter jurisdiction under La. C.C.P. art. 4847. Summary eviction procedure is not appropriate to try disputed title to property but is designed only for situations where the defendant has no semblance of claim to title or possession. Because this complex factual and legal situation does not readily support the conclusion that Mr. Scott has no semblance of claim to title, the summary eviction procedure utilized by Mrs. Scott in city court was not appropriate as the city court does not have subject matter jurisdiction. Accordingly, we must reverse and vacate the city court judgment of eviction.
CONCLUSION
For the reasons set forth above, the judgment of the city court granting eviction in favor of the plaintiff is reversed and vacated. Costs of this appeal are assessed to the appellee, Angela Scott.
REVERSED.

. No brief was filed on behalf of Mrs. Scott.