ON REHEARING
Before BROWN, CARAWAY, DREW, PITMAN and GARRETT, JJ.
CARAWAY, J.
_JjThe lengthy procedural history of this case in the courts has been thoroughly reviewed in the original majority and dissenting opinions. This rehearing was granted upon the determination that the July 6, 2012 judgment[1] of the Texas District Court (hereinafter the “Texas Judgment”) must be given full faith and credit in Louisiana concerning the custody of the *1188 child. Furthermore, on its face, the Texas Judgment is an assertion of subject matter jurisdiction over the status of the child and parents pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (“UCCJEA”) applicable in both states. Accordingly, appellant’s request for relief for the dismissal of the pending Louisiana proceedings over this custody dispute is granted peremptorily for the lack of subject matter jurisdiction.
Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled. La. C.C.P. art. 1. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2.
The issue of subject matter jurisdiction may be raised at any stage of an action, even by the court on its own motion. Scott v. Scott, 48,716 (La.App.2d Cir.1/15/14), 132 So.3d 460; Northeast Realty v. Jackson, 36,276 (La.App.2d Cir.8/14/02), 824 So.2d 1264; PTS Physical Therapy Serv., Inc. v. Magnolia Rehab. Serv., Inc., 40,558 (La.App.2d Cir.1/27/06), 920 So.2d 997. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties or waived; a judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. Boudreaux v. State, Dep’t of Transp. & Dev., 01-1329 (La.2/26/02), 815 So.2d 7; La. C.C.P. art. 3.
The U.S. Constitution requires that Louisiana courts must give judgments obtained in other states full faith and credit in proceedings in Louisiana. See U.S. Const, art. IV § 1. Such judgments are presumed to be valid until a person contesting its validity proves that it is defective in a contradictory hearing. See Esenwein v. Commonwealth of Pa., 325 U.S. 279, 280-81, 65 S.Ct. 1118, 1119, 89 L.Ed. 1608 (1945); see also Holiday Hospitality Franchising, Inc. v. Grant, 36,035 (La.App.2d Cir.5/8/02), 817 So.2d 449, 452 (“There is a presumption the judgment of the sister state is valid and the burden of showing the judgment is invalid for lack of jurisdiction rests with the party attacking the judgment”). Otherwise, the judgment stands.
Recognizing the problems of parents absconding with children and contravening custody orders to obtain a favorable ruling in another state, the United States Congress passed 28 U.S.C.A. § 1738A, to require that every state give full faith and credit and that every state enforce the custody determinations of other states so long as those courts had jurisdiction. 28 U.S.C.A. § 1738A; see Suzanne Y. LePori, The Conflict Between the \ ^Parental Kid-naping Prevention Act and the Extradition Act; Naming the Custodial Parent Both Legal Guardian and Fugitive, 19 St. Mary’s L.J. 1047, 1053-64 (1988). The UCCJEA mirrors these concerns and is entirely consistent with the provisions of the Congressional Act. See UCCJEA § 101, cmt. Louisiana and Texas have adopted the Uniform Child Custody Jurisdiction and Enforcement Act. See La. R.S. 13:1801 et seq.; Tex.Code Ann. § 152.101 et seq.
The general principle of the UCCJEA is that the state that makes the initial custody decree maintains jurisdiction until a court expressly finds that it has lost jurisdiction. See La. R.S. 13:1813-14. The UCCJEA lays out a scheme for determining when jurisdiction may be exercised, see La. R.S. 13:1813, when it is lost, see La. R.S. 13:1814, and when another state acquires jurisdiction to hear the custody matter, see La. R.S. 13:1815.
*1189 From this law, the presumption of the validity of the Texas Judgment and the Texas court’s subject matter jurisdiction under the UCCJEA have never been challenged by appellee in the Texas proceeding or by direct challenge in Louisiana. The Texas Judgment was made executory in Louisiana without the filing of any pleading by appellee challenging the application of the UCCJEA by the Texas court which expressly determined its subject matter jurisdiction over the status of the child. Therefore, any such challenge is foreclosed in this state. Knutsen v. Prince, 40,109 (La.App.2d Cir.9/21/05), 911 So.2d 404.
Accordingly, we reverse any orders of the district court pertaining to custody which were rendered after the Texas Judgment on the grounds of 14lack of subject matter jurisdiction. The ruling, of course, does not prevent appellee from taking further action in the Texas proceeding, including a challenge to the court’s initial assertion of subject matter jurisdiction under the UCCJEA. Additionally, this court’s ruling does not affect any future action in Louisiana pursuant to the UCCJEA, based upon material changes in circumstances, including UCCJEA actions under La. R.S. 13:1816.[2]
Costs of appeal are assessed to appellee.
REVERSED. CASE DISMISSED FOR LACK OF JURISDICTION.
DREW, J., dissents for the reasons outlined in the original opinion.
BROWN, C.J., dissents for reasons set forth by J. DREW.

. The Texas Judgment, which was entitled "Order in Suit to Modify Parent-Child Relationship," effected changes in the prior custody arrangement established in the initial 2007 Bossier Parish proceeding.

. Our review of the record shows that temporary custody through visitation in Texas was granted to appellant following family counseling services rendered under the trial court's directives in 2013.