THERIOT, J.
laThis appeal is taken from a judgment rendered by the City Court of Houma in favor of the plaintiff-appellee on a rule for eviction, ordering the defendant-appellant to vacate certain immovable property within twenty-four hours and authorizing the City Marshall to place the plaintiff-appel-lee into possession of the property. For the following reasons,- -we- .reverse and remand this case for further proceedings.

FACTS AND PROCEDURAL BACKGROUND

In February of 2015, the plaintiff-appel-lee, Bon Amis Investments, LLC (“Bon Amis”),, initiated this action by filing a rule for eviction against the defendant-appellant, Eric Lapeyrouse, Sr. Bon Amis requested the city court issue a judgment of eviction ordering Mr. Lapeyrouse to vacate immovable property located at 7467 Grand Caillou Road in Dulac, Louisiana (“the Dulac property”). Bon Amis represented that it had entered into a recorded “lease purchase agreement” with Mr. La-peyrouse on October 15, 2014, and alleged that Mr. Lapeyrouse, as lessee, had violated the terms and conditions of the lease. *516 In pertinent part, Bon Amis asserted that Mr. Lapeyrouse failed to deliver monthly rental payments, in the amount of $390.00 per month, and failed to pay property taxes assessed on the property.
Bon Amis and Mr. Lapeyrouse presented conflicting evidence concerning their respective ownership and possessory interests in the Dulac property. It is undisputed that, prior to September 3, 2013, Mr. Lapeyrouse held title to the property. In support of its rule for eviction, Bon Amis offered into evidence a recorded written act of sale, executed on September 3, 2013, wherein Mr. Lapeyrouse agreed to transfer ownership of the Dulac property to Bon Amis in consideration of the price and sum of $13,000.00. lain addition, Bon Amis submitted into evidence the October 15, 2014 recorded written lease purchase agreement bearing Mr. Lapeyrouse’s signature, designating him as lessee, and imposing upon him the obligation to deliver monthly rental payments and pay property taxes assessed on the property.
Mr. Lapeyrouse admitted that he had not paid certain property taxes assessed on the Dulac property and had entered into a number of agreements with Bon Amis over the years, however, he denied entering into the October 15, 2014 lease purchase agreement and further disputed the legality of such an agreement. Mr. Lapeyrouse claimed he signed the September 3, 2013 act of sale as security in order to obtain a loan from Bon Amis, but testified that he had paid off that loan and regained title to the property the following spring. Mr. Lapeyrouse claimed that he was no longer indebted unto Bon Amis, and, when directly asked whether he had any written documentation authorizing his occupancy of the property, stated, “I own the property.” In order to corroborate his claim of present ownership, Mr. Lapey-rouse submitted into evidence an unrecorded written act of sale executed by himself and Bon Amis’ agent on March 11, 2014. The unrecorded act of sale purport ed to transfer title to the Dulac property from Bon Amis to Mr. Lapeyrouse in consideration of the price and sum of $13,000.00.
Following the submission of briefs, arguments of counsel, and testimony of witnesses, the city court ruled in favor of Bon Amis in open court on April 9, 2015. In oral reasons for judgment, the city court explained that, from a “technical standpoint,” it believed Bon Amis had proven its entitlement to a judgment of eviction. The city court reasoned that Bon Amis had proven, “at least on paper,” that it owned the property, had proven the existence of a valid lease, and had proven that Mr. |4Lapeyrouse violated the terms of the lease. The city court purported not to address Mr. Lapeyrouse’s claim of title to the Dulac property, explaining such claim was “for another [cjourt and another proceeding.” In accordance with its oral ruling, on April.10, 2015, the city court signed a written judgment on the rule for eviction, ordering Mr. Lapeyrouse to vacate the Dulac property.
Mr. Lapeyrouse timely appealed the city court’s judgment. Following the lodging of the instant appeal, for the first time, Mr. Lapeyrouse filed a declinatory exception raising the objection of lack of subject matter jurisdiction with this court.[1] In the interest of judicial efficiency, we exercise our discretion to consider the exception of lack of subject matter jurisdiction, and begin our analysis by addressing *517 the jurisdiction of the city court to render the judgment of eviction.[2]

DISCUSSION

Jurisdiction refers to the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of parties, and to grant the relief to which they are entitled. La. C.C.P. art. 1. Subject matter jurisdiction refers to the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. The jurisdiction of a court over the subject ^matter of an action cannot be conferred by the parties, and a judgment rendered by a court that has no jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. art. 3.
According to La. C.C.P. art. 4832, parish courts, city courts, and justice of the peace courts are trial courts of limited jurisdiction. The subject matter jurisdiction of parish courts and city courts is limited both by the amount in dispute and by the nature of the proceeding. See La. C.C.P. art. 4841(A). In pertinent part, La. C.C.P. art. 4847 provides as follows:
A. Except as otherwise provided by law, a parish court or city court has no jurisdiction in any of the following cases or proceedings:
(1) A case involving title to immovable property.
[[Image here]]
It is well-settled under Louisiana law that eviction proceedings are not the proper or appropriate place to determine title to immovable property where the defendant has a “semblance of title.” Tartan Trans. & Const., Ltd. v. McDonald, 436 So.2d 1270, 1271 (La.App. 1 Cir.1983), writ denied, 442 So.2d 446 (La.1983). Accord Scott v. Scott, 48,716 (La.App. 2 Cir. 1/15/14), 132 So.3d 460, 463. Summary eviction procedure is not appropriate to try disputed title to property; rather, it is designed for situations in which the possessor has no semblance of claim to title or possession. See Northeast Realty v. Jackson, 36,276 (La.App. 2 Cir. 8/14/02), 824 So.2d 1264, 1267-68.
Louisiana jurisprudence accordingly holds that city and parish courts lack jurisdiction over eviction proceedings where title to immovable propferty is in dispute. See e.g., Moody Inv. Corp. v. Occupants of 901 E. 70th St., 43,396 (La.App. 2 Cir. 8/13/08), 990 So.2d 119, 122-23. If a city | (;or parish court enters a judgment of eviction and the record indicates the existence of a colorable dispute concerning title to immovable property, the judgment of eviction must be reversed and the matter must be remanded for further proceedings. See PTS Phy. Therapy Service v. Magnolia Rehab. Service, Inc., 40,-558 (La.App. 2 Cir. 1/27/06), 920 So.2d 997, 1000. See also Scott, 132 So.3d at 464 (“Because this complex factual and legal situation does not readily support the conclusion that [the defendant] has no sem *518 blance of claim to title, the summary eviction procedure utilized by [the plaintiff] in city court , was not appropriate— [W]e must reverse and vacate the city court judgment of eviction.”).
In the case at bar, the record clearly reflects that there are significant and unresolved questions concerning title to the Dulac property. Before the city court, Mr. Lapeyrouse unequivocally testified that he owned the Dulac property. Mr. Lapeyrouse corroborated his sworn testimony by submitting the March 11, 20Í4 unrecorded act of sale into evidence. Mr. Lapeyrouse therefore presented evidence of a “semblance of title” to the Dulac property that deprived the city court of subject matter jurisdiction over the dispute. Consequently, the city court erred as a matter- of law by granting the judgment of eviction in favor of Bon Amis.
Mr. Lapeyrouse’s exception of lack of subject matter jurisdiction has merit. The city court lacked jurisdiction to render the judgment of eviction. Thus, we must reverse the city court’s judgment, ■ remand the case to the city court, and direct the city court to transfer the case to the appropriate district court with subject matter jurisdiction over the dispute. We preter-mit any further discussion of the merits' of the city court’s judgment.

DECREE

For the foregoing reasons, we grant Mr. Lapeyrouse’s exception of lack of subject matter jurisdiction and reverse the city court’s judgment of eviction. This case is hereby remanded to the city court for further proceedings in accordance with this opinion.' Costs of this appeal are assessed against the plaintiff-appellee, Bon Amis Investments, LLC.
EXCEPTION OF LACK OF SUBJECT MATTER JURISDICTION GRANTED; REVERSED AND REMANDED.

. The declinatory exception raising the objection of lack of subject matter jurisdiction addresses a court’s authority to adjudicate the cause of action before it. The exception may be raised at any stage of an action, and may even by raised by the court on its own motion. See Whittenberg v. Whittenberg, 97-1424 (La.App. 1 Cir. 4/8/98), 710 So.2d 1157, 1158. Where the exception is raised for the first time on appeal, the appellate court has discretion to consider such exception, because it goes to the core of the validity of the judgment and is not subject to the waiver provisions generally affecting declinatory exceptions. See Kerr-McGee Corp. v. McNamara, 00-0770 (La.App. 1 Cir. 6/22/01), 826 So.2d 1, 5. See also DeHaven v. DeHaven, 412 So.2d 537, 538 (La.1982).