BOUTALL, Judge.
This is a suit by a landlord to evict a tenant for nonpayment of rent. From an adverse judgment dismissing his suit, the landlord appeals. The issue involved is the computation of time required by law for the notice to vacate the premises, and the time for making the eviction rule returnable.
Alvin P. Lichtentag is the owner of the property at 3424j/2 S. Claiborne Avenue, New Orleans, which he leased under a verbal lease to Louis Burns at a monthly rental of $110.00 payable in advance on the first of each month. Burns failed to pay his rent due on October 1, 1970. The landlord then caused a five day notice to vacate to be served on Burns on November 4, 1970, by the Constable’s Office of The First City Court. On November 10, 1970, *212 (six days later) Lichtentag filed a rule in the Civil District Court of the Parish of Orleans for possession of his property. The defendant was served on that day and was ordered to show cause on the 13th day of November, 1970, (three days later) why he should not vacate the property and give possession to Lichtentag. The defendant neither filed an answer nor appeared for the hearing on the rule on November 13, 1970.
When the case was called, the plaintiff produced a witness to testify to the fact of nonpayment of rent, and counsel filed in evidence the notice to vacate, the service thereof, the petition to vacate the premises, the service thereof, and submitted the matter to the court for judgment.
The trial court rendered judgment dismissing plaintiff’s suit for the reason that the five day time period allotted by law from delivery of the notice to vacate had not yet expired at the time of filing suit and that the suit was premature.
The sole issue in this case is the computation of the time period required by LSA-C.C.P. art. 4701, which requires written notice to vacate to be delivered to the lessee allowing him not less than five days from the date of delivery to vacate the leased premises, together with the time period required by LSA-C.C.P. art. 4732, which provides that the rule to vacate the premises shall not be made returnable earlier than the third day after service thereof.
A simple glance at the documents offered into evidence shows that, considering only calendar days, the plaintiff has followed the time periods specified in these two articles. However, this mathematical computation does not take into account intervening holidays, and if holidays are to be excluded in computing the required period, the proper notice was not given. November 4, 1970, was a Wednesday, and thus we see that Saturday and Sunday intervened in the five day period. Additionally, it may be observed that November 11, (Veterans’ Day) is also a legal holiday. LSA-R.S. 1:55, as amended by Act No. S7S of 1970.
We direct our attention to LSA-C.C.P. art. 5059, which provides for computation for time.
“In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
A half-holiday is considered as a legal holiday. A legal holiday is to be included in the computation of a period of time allowed or prescribed, except when:
(1) It is expressly excluded;
(2) It would otherwise be the last day of the period; or
(3) The period is less than seven days.”
We note that all of the articles referred to are parts of the Code of Civil Procedure. The provisions of art. 5059 apply to the time periods set generally throughout the Code, unless such periods are specifically exempted. We find no exemption here. Thus, we are of the opinion that the provisions of art. 5059 govern the time periods involved here, and that the legal holidays are to be excluded from the computation of the period because the period involved is less than seven days.
Counsel argues to us that the two periods of five days and three days should be considered together, making one period of eight days. We cannot agree with this contention. These two time periods are set in two different sections of the Code of Procedure, and each section has a different purpose on application. Obviously each of them applies only to the activity for which notice is designed. We point out, for example, that each of these periods is de *213 signed as a minimum period of time, and that in either case more time may he allowed. It is only a lesser period of time which causes a violation of these provisions.
We conclude, therefore, that the rule for eviction filed on November 10, 1970, was filed prior to the expiration of the required statutory period for proper notice to vacate the premises. Since proper notice to vacate is a prerequisite to filing of the rule for possession, and the trial judge properly dismissed the suit based on the evidence before him.
The judgment appealed from is affirmed. Costs of the appeal to be borne by appellant.
Affirmed.