WATKINS, Judge.
This is an eviction proceeding. After trial Josie Edwards and Larry Evans were *479 ordered evicted from two houses in Denham Springs. From the judgment of eviction defendants have taken a devolutive appeal.
The suit was brought by Jessie Edwards. Although the petition in rule for eviction does not state whether defendants are lessees (see LSA-C.C.P. art. 4701) or occupants (see LSA-C.C.P. art. 4702) and no evidence was introduced to prove either, the notice of eviction bears the following caption: “Notice to Tenant to Vacate”. We shall therefore assume that plaintiff contends defendants are lessees. However, if defendants were indeed tenants or lessees, no evidence was introduced by plaintiff (who is not a lawyer but who presented his own case), that, in the language of LSA-C. C.P. art. 4701, the lessees’ “right of occupancy has ceased because of the termination of the lease by expiration of its term, action by the lessor, nonpayment of rent, or for any other reason, .. . . ” Plaintiff never proved on what legal ground defendants should be ordered evicted, if they were indeed lessees. Thus, plaintiff failed to prove his case.
Testimony was introduced that plaintiff was not the owner of the houses in question, but the houses were owned by Sam Ivy, for whom plaintiff was merely an agent. However, no instruments that proved Ivy’s ownership were introduced. Furthermore, if we assume the eviction proceeding was brought by an owner against an occupant (LSA-C.C.P. art. 4702), it would have been necessary for the owner to show that defendants occupied the premises by permission or accommodation of the owner. LSA-C.C.P. arts. 4702, 4704; Stroughter v. Shepherd, 207 So.2d 865 (La.App. 4th Cir.1968); Skannal v. Jones, 384 So.2d 494 (La.App. 2d Cir.1980). Absolutely no evidence was introduced that defendants occupied the premises by permission or ac-comodation of Sam Ivy, even if it be assumed that Sam Ivy was indeed the owner. It necessarily follows, that the plaintiff did not prove that the purpose of the occupancy by defendants had been terminated.
Plaintiff sought to present his own case. He failed to do so. For that reason, we will dismiss the eviction proceeding without prejudice.
The judgment of the trial court is reversed and plaintiff’s suit dismissed without prejudice, at plaintiff’s cost.
REVERSED.