SCHOTT, Judge.
This is an eviction proceeding. Defendant appeals from the judgment ordering her eviction contending the rule for possession of the premises was filed prematurely and that plaintiff failed to prove a valid reason to evict her.
Defendant was the lessee of a public housing unit in New Orleans for a one year term commencing August 1, 1983. The lease provided for redetermination of the amount of rent at least once each year and required the tenant to furnish accurate information about her income when requested by lessor. Defendant’s lease came up for redetermination of rent in December and while she indicated that her job situation had changed she declined to give any details about her salary. On the basis of information in plaintiffs possession a new lease was drafted to provide for a monthly rental of $44. Over the next several months plaintiff repeatedly called on defendant to provide her salary information, but she would not comply. Finally in May plaintiff’s investigation disclosed the defendant had been earning $8.50 per hour for a total of $5,780 over the previous seventeen weeks as Program Coordinator for a jobs program. Plaintiff offered to allow her to remain in the unit if she would pay $1,300 as an adjustment on the past rent but she refused.
On May 21 plaintiff sent defendant a thirty day notice to vacate the premises in accordance with federal regulations, and on June 21 a hearing before a grievance panel was held at defendant’s request. The panel unanimously rejected her position, and on June 25 plaintiff sent her a ten day notice to vacate the premises. On July 5 plaintiff filed a rule against her to vacate the premises which was tried and made absolute on July 20.
In support of her first contention, that the rule was premature, plaintiff cites *145 Lichtentag v. Burns, 258 So.2d 211 (La.App. 4th Cir.1972) in which this court held that a rule for possession filed before five days elapsed from the giving of a five day notice to vacate pursuant to LSA C.C.P. Art. 4701 was premature. The instant case is distinguishable. First, defendant got a thirty day notice on May 21 which she ignored. Second, although plaintiff sent her a ten day notice on June 25, under Art. 4701 she was entitled to no more than a five day notice. Thus, she was afforded much more time to vacate than the statute or general notions of due process required.
Defendant’s other contentions have no merit. She insists that she made no misrepresentations to plaintiff concerning her income, but the fact remains that she refused to supply the information despite repeated requests. As an individual who was occupying an important position and earning $340 per week she had to realize that her $44 monthly rent was to be adjusted, and her steadfast refusal to provide the information constituted a clear violation of her lease. Her argument that she was never asked for her salary information seems incredible on its face and was flatly contradicted by plaintiffs witnesses who were believed by the trial judge.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.