933 So.2d 876 (2006)
SOUTH PETERS PLAZA, INC.
v.
P. J., INC., William Colacurcio, Jr., The Estate of William "Bill" Colacurcio, III and Kristi Colacurcio.
No. 2005-CA-1050.
Court of Appeal of Louisiana, Fourth Circuit.
May 31, 2006.
*877 Henry L. Klein, Klein-Daigle, LLC, and Leonard L. Levenson, Weigand & Levenson, New Orleans, Louisiana, for Plaintiff/Appellant.
Terrill W. Boykin, Kriste L. Talton, Bordenave Boykin & Ehret, New Orleans, Louisiana, for Defendant/Appellee, P.J. Inc.
(Court composed of Judge JAMES F. McKAY III, Judge TERRI F. LOVE, Judge LEON A. CANNIZZARO, JR.).
JAMES F. MCKAY III, Judge.
On May 2, 2000, South Peters Plaza, Inc. (lessee) entered into a five-year lease with P.J., Inc. (lessor) for property located at 941 Decatur Street in New Orleans at a monthly rental of $9,500.00 with an unrestricted option to renew for an additional five-year period on the same terms as the primary period and a first right of refusal.
On April 24, 2004, a fire occurred on the premises which rendered the property unusable for approximately two months. The lessee undertook to repair the damages with the approval of the lessor and its insurer, Certain Underwriters at Lloyds (Lloyds). However, the property was not owned by the lessor, but by a different entity, Papa Joe's Inc. In due course, Lloyds paid Rick Colacurcio the $77, 630.59 expended by the lessee in repairing the fire damages. On September 8, 2004, the lessee demanded that Mr. Colacurcio turn over the $77,630.59 payment from Lloyd's and extinguish lessee's obligation to pay rent during the two-month period required to make repairs. Mr. Colacurcio refused.
On December 9, 2004, the lessee filed an action for damages against P.J., Inc., William Colacurcio, Jr., the estate of William "Bill" Colacurcio, III and Kristi Colacurcio to recover monies paid for the benefit of another and for declaratory judgment recognizing its lease and option rights under the original contract with P.J., Inc. On December 15, 2004, the lessee exercised its option to renew for an additional five years. The renewal was accepted by P.J.'s representative, Elizabeth Wortmunn. The lessee sent a check for the January 2005 rent with the notation, "Paying under protest. Business was closed May & June 2004 due to fire." The check, however, was not signed. Rental payments were made for February and March 2005. On March 7, 2005, P.J.'s counsel wrote to lessee, requesting possession of the property. On March 11, 2005, the defendants moved for leave to file a petition for reconventional demand, which the trial court granted. The reconventional demand was based on the rent not being paid, the premises being subleased without express authority, and the fire damage being repaired without the defendants' consent. On April 1, 2005, P.J. filed a rule to show cause why its petition for reconventional demand for eviction should not be granted. The return on the service shows that the rule was personally served on the lessee's attorney, Henry Klein, by Deputy Leo Gant on April 8, 2005 scheduling a hearing on April 12, 2005. However, Deputy Gant's affidavit indicates that he did not in fact serve the notice as indicated. At the hearing, the lessee raised several defenses including that the parties seeking eviction were not the owners of the property, no notice to the lessee of demand for property, and no service on the lessee. The trial court, however, ordered summary *878 eviction. It is from this judgment that the lessee now appeals.
On appeal, the lessee raises the following assignments of error: 1) the district court erred in holding an eviction hearing less than three days after alleged service and in spite of the fact that no notices were ever served on the lessee; 2) the district court erred in allowing non-owners to proceed for eviction when the issue of ownership was highly contested and the defendants provided deceptive discovery answers one day before the eviction hearing; 3) the district court erred in ordering eviction of a tenant which was owed $77,630.59 by the alleged owner for repairs resulting from a fire and which had dutifully paid rent at $9,500.00 per month since May 2, 2000, for a total of rent payments of $522,500.00; 4) the district court erred in holding a summary hearing on a "reconventional demand" for eviction when the lessor had never caused written notice to be made upon lessee; 5) the district court erred in ordering eviction when the lessee was depositing $9,500.00 rental payments in the registry of the court; and 6) the district court erred in failing to enforce the lease provisions requiring remission of rent as a consequence of the lessee's expending at least $77,630.59 on repairs to the property resulting from a fire.
In the instant case, P.J., on April 1, 2005, filed a rule to show cause why its petition for reconventional demand for eviction should not be granted. Although the return on the service shows that the rule was personally served on the lessee's attorney, Henry Klein, by Deputy Leo Gant on Friday, April 8, 2005, Deputy Gant never actually served Mr. Klein. Even if Mr. Klein had been served on April 8, 2005, a hearing on April 12, 2005 would have been improper under La. C.C.P. art. 4732. This article provides that the hearing should not be held earlier than the third day after service.[1] In this case, it would have been on the second day if in fact service had been made. As such, this hearing was improper. Literal compliance with statutory requirements, as they relate to actions of lessor, lessee and trial judge with regard to eviction proceedings, are sacrosanct to the validity of such proceedings. Herman v. Style Line Greetings, Inc., 289 So.2d 876 (La.App. 4 Cir. 1974).
As this hearing was improper and invalid, we need not review the appellant's other assignments of error. For the foregoing reasons, the judgment of the court below is vacated.
JUDGMENT VACATED
NOTES
[1] The three day service period should be calculated in legal/working/business days since it is less than seven days. See Lichtentag v. Burns, 258 So.2d 211 (La.App. 4 Cir.1972).