MICHAEL V. OWENS
v.
DION A. MUNSON & KACEY DUBOIS
No. 2009 CA 0790
Court of Appeals of Louisiana, First Circuit.
October 27, 2009.
Not Designated for Publication
MICHAEL V. OWENS Plaintiff/Appellant In Proper Person.
Dion A. Munson and Kacey Dubois Defendants/Appellees In Proper Person.
Before: DOWNING, GAIDRY and McCLENDON, JJ.
DOWNING, J.
Michael V. Owens appeals a judgment denying his rule to evict Dion A. Munson and Kacey Dubois from property they allegedly rented from Owens. For the following reasons, we affirm the judgment of the trial court.
Initially, we observe from our review of the record that no testimony was given under oath and no exhibits were offered or admitted into the record. While the record contains discussion between the court and the pro se litigants, and it contains copies of purported pleadings, the lease and other documents, none of these are properly preserved for our review on appeal. Accordingly, we conclude Owens failed to produce evidence necessary to prove his entitlement to the relief sought. The trial court, therefore, did not err in denying his petition for eviction. See PTS Physical Therapy Service v. Magnolia Rehabilitation Service, Inc., 40,558 (La.App. 2 Cir. 1/27/06), 920 So.2d 997, 999-1000. See also Edwards v. Edwards, 439 So.2d 478, 479 (La.App. 1 Cir. 1983).
Additionally, we note that the trial court denied the eviction on the grounds that the rule for eviction was filed prematurely. Five days notice was posted[1] seemingly on Monday, January 5, 2009.[2] La. C.C.P. art. 4701 provides that the "notice shall allow the lessee not less than five days from the date of its delivery to vacate the leased premises." The citation and rule to evict were purportedly served on Friday, January 9, 2009.[3] La. C.C.P. art. 4731A provides that the rule for eviction may issue "[i]f the lessee or occupant fails to comply with the notice to vacate required under this Title."
The provisions of La. C.C.P. art. 5059 govern the computation of time in eviction proceedings. Lichtentag v. Burns, 258 So.2d 211, 212 (La.App. 4 Cir. 1972). This article provides in pertinent part,
In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
Under this rule, if notice to vacate was properly given on January 5, 2009, the five days had not passed when the rule was purportedly served on January 9, 2009. "Literal compliance with statutory requirements, as they relate to actions of lessor, lessee and trial judge with regard to eviction proceedings are sacrosanct to the validity of such proceedings." South Peters Plaza, Inc. v. P.J., Inc., 05-1050 (La.App. 4 Cir. 5/31/06), 933 So.2d 876, 878.
Accordingly, the trial court did not err in denying Owens' rule for eviction. His assignments of error are without merit.

DECREE
The judgment of the trial court is affirmed. Costs of this appeal are assessed to Michael V. Owens.
AFFIRMED
NOTES
[1] Louisiana Code of Civil Procedure art. 4703 allows notice by posting only where the premises are abandoned or closed, or where the whereabouts of the lessee or occupant are unknown. It appears the defendants were occupying the property and their whereabouts were known.
[2] The trial court found as a fact that Owens had extended the lease for four or live days and that notice should not have been given until after the extension expired.
[3] The return of service notes. "Posted," with a date, time and initials. We do not address whether this service comports with the requirements of La. C.C.P. art. 4731.