HOLDRIDGE, J.
*958 Defendant, Lauren Michelle Thomas Lawrence[1] , the naked owner of a parcel of immovable property, appeals a judgment ordering her eviction from the property rendered in favor of plaintiff, Ellen Cole, the usufructuary of the property. We affirm in part and reverse in part.
FACTUAL AND PROCEDURAL BACKGROUND
On October 11, 2005, Mrs. Cole transferred ownership of a tract of immovable property located in Denham Springs, Louisiana, together with all buildings and improvements thereon, to her granddaughter, Ms. Thomas, by virtue of an Act of Inter Vivos Donation. The donated property, identified as "Tract D-3-A," is comprised of 0.954 acres of land. Mrs. Cole's mailing address was listed in the Act of Donation as 25878 Wax Road in Denham Springs. The Act of Donation was recorded in the Livingston Parish mortgage records on October 13, 2005.
In the Act of Donation, Mrs. Cole reserved the use and usufruct of the donated property for life. Ms. Thomas later placed a mobile home on the donated property behind a residence occupied by Mrs. Cole, and moved onto the property. The property on which the mobile home was placed has a municipal address of 9715 J.C. Lane (the corner of J.C. Lane and Wax Road). On October 29, 2007, Ms. Thomas executed an affidavit to immobilize the mobile home, declaring that the "mobile home shall be permanently attached to" the donated property. Mrs. Cole signed the affidavit as a witness.
Nearly nine years after the donation, on August 26, 2014, Mrs. Cole filed this lawsuit against her granddaughter seeking to dissolve the donation inter vivos pursuant to La. C.C. art. 1562, which provides for the dissolution of a donation subject to a suspensive condition when the condition can no longer be fulfilled. Mrs. Cole alleged that the donation was given with the understanding that Ms. Thomas would care for her; however, Ms. Thomas failed to fulfill that obligation by failing to assist her in any manner whatsoever in the preceding year. In the petition, Mrs. Cole stated that she was filing this lawsuit in accordance with La. C.C. art. 1563, which permits dissolution of a donation by judicial decree upon nonfulfillment of conditions or nonperformance of charges that the donee can perform or prevent. Mrs. Cole alleged that upon judicial dissolution of the donation, she desired that Ms. Thomas be evicted and removed from the property. Additionally and/or alternatively, Mrs. Cole asked that the court order the eviction of Ms. Thomas because she has a lifetime usufruct over the property and she *959 no longer desired Ms. Thomas to be on the property.[2]
Mrs. Cole filed a supplemental and amending petition in which she added Whitney Bank, the holder of a Multiple Indebtedness Mortgage against Ms. Thomas's naked ownership interest in the subject property subject to Mrs. Cole's usufruct, as a defendant in the lawsuit. Mrs. Cole alleged that Whitney Bank's rights may be affected by the requested dissolution of the donation and/or the eviction of Ms. Thomas from the property. She asked the court to dissolve the donation inter vivos and remove Ms. Thomas and her mobile home from the premises, and alternatively, that Ms. Thomas be evicted and removed from the property based on her lifetime usufruct. Whitney Bank answered the petition, stating that it took no position as to whether Ms. Thomas could be evicted from the property and mobile home, but asserted that Ms. Thomas could not remove the mobile home and Mrs. Cole could not compel the removal of the immobilized mobile home. Whitney Bank asserted that regardless of whether the donation was revoked, its mortgage on Tract D-3-A and the immobilized mobile home should remain valid and enforceable because Mrs. Cole consented to the placement of and immobilization of the mobile home on that tract of property. Whitney Bank also claimed that the mobile home did not interfere with Mrs. Cole's ability to exercise her usufruct. (R28)
In a joint pretrial order, the parties acknowledged that the Act of Donation transferred Tract D-3-A from Mrs. Cole to Ms. Thomas and that the mortgage made in good faith by Whitney Bank remained enforceable against Tract D-3-A even if the donation by Mrs. Cole to Ms. Thomas was revoked. They further identified the following established facts: (1) Ms. Thomas, as the naked owner of Tract D-3-A, placed the mobile home thereon on April 27, 2007, with the knowledge of and assistance of Mrs. Cole; (2) Mrs. Cole was aware of and consented to the immobilization of the mobile home on Tract D-3-A; (3) Whitney Bank did lend money for the purchase of the mobile home, which is secured by the Multiple Indebtedness Mortgage placed on Tract D-3-A; (4) Mrs. Cole was aware of and consented to the placement of the Multiple Indebtedness Mortgage in favor of Whitney Bank on Tract D-3-A; and (5) the placement of the mobile home on Tract D-3-A does not interfere with Mrs. Cole's use of the property.
A bench trial was held, during which Mrs. Cole testified and presented the testimony of her sons and a neighbor. Ms. Thomas testified and offered the testimony of her husband. Documentary evidence, including the Act of Donation, the affidavit to immobilize the mobile home, and the Multiple Indebtedness Mortgage, was also submitted at trial. Following the conclusion of the evidence, the trial court denied Mrs. Cole's request to invalidate the Act of Donation. The court stressed that it was required to look at the four comers of the document, found no basis in law to revoke the donation, and ruled that Ms. Thomas maintained ownership of the subject property. The court further ruled that the mortgage on the property in favor of Whitney Bank was valid. However, the court *960 granted Mrs. Cole's request to evict Ms. Thomas from the property, giving Ms. Thomas 30 days to vacate the property. In ordering the eviction, the court noted that although the property was Ms. Thomas's property, Mrs. Cole did not want Ms. Thomas on the property while she was alive, and concluded that was Mrs. Cole's right because she maintained a usufruct over the property.
On December 14, 2016, the court signed a written judgment in which it held that the Act of Donation executed between Mrs. Cole and Ms. Thomas was valid and enforceable. The court further found that the Act of Immobilization and the Multiple Indebtedness Mortgage were made with the consent of Mrs. Cole, and therefore, the mortgage was valid and enforceable against the full ownership of the property, including the immobilized mobile home. Lastly, the judgment ordered Ms. Thomas to vacate the property at 25878 Wax Road in Denham Springs within 30 days of the rendition of the judgment.
The same day the judgment was signed, Ms. Thomas fax filed a petition for a suspensive appeal, which was filed into the record on December 15, 2016. An appeal bond was filed on December 15, 2016.[3] On May 15, 2017, this court ex proprio motu issued a show cause order, observing that it appeared the appeal of the eviction is untimely and/or failed to comply with La. C.C.P. art. 4735. On September 15, 2017, another panel of this court referred the rule to show cause to the panel to which the appeal had been assigned.
TIMELINESS OF THE APPEAL
Article 4735, located in Title XI of the Code of Civil Procedure, sets forth procedural requirements for the "Eviction of Tenants and Occupants." It provides that an appeal does not suspend the execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. Mrs. Cole sought dismissal of the suspensive appeal pursuant to Article 4735 for numerous reasons, including: Ms. Thomas's failure to answer the petition for eviction under oath; Ms. Thomas's failure to plead any affirmative defenses which would entitle her to retain possession of the premises; and Ms. Thomas's failure to apply for and file an appeal bond within twenty-four hours after the rendition of the judgment of eviction. Ms. Thomas maintains that the action below was in the nature of a possessory action and an ordinary proceeding and as such, Article 4735 does not apply to the instant appeal.
We agree that Article 4735 does not apply to the instant appeal. It is well settled that an eviction proceeding is summary in nature, rather than ordinary, and involves the single issue of whether a lessor is entitled to possession of the leased premises. Keller Williams Realty v. Melekos, 2015 - 0679 (La. App. 1st Cir. 11/9/15), 2015 WL 6951406 *1 (unpublished). Title XI of the Code of Civil Procedure sets forth the procedural requirements for a lessor or owner of property to obtain a judgment of eviction against a lessee or an occupant, none of which were complied with by Mrs. Cole in this case. See La. C.C.P. arts. 4701 and 4702 (setting forth notice to vacate requirements). The underlying proceeding clearly was an ordinary *961 proceeding in the nature of a declaratory judgment action, in which Mrs. Cole, in her position as the donor of the naked ownership interest in immovable property, sought to revoke that donation and the eviction of the donee from the property upon judicial dissolution of that transfer of ownership. Alternatively, Mrs. Cole sought to evict Ms. Thomas based on her position as a usufructuary, not as an owner or lessor of the subject property. We hold that the instant lawsuit is not the type of summary eviction proceeding to which Article 4735 applies. Since this matter was an ordinary proceeding, the appeal was taken well within the appeal delays set forth in La. C.C.P. art. 2123 for taking a suspensive appeal. Accordingly, we maintain the appeal.
PROPRIETY OF THE JUDGMENT OF EVICTION
In her appeal, Ms. Thomas contends that Mrs. Cole is not entitled to a judgment of eviction. She asserts that Mrs. Cole, as usufructuary, could bring an action against her as the naked owner of the property in the event that she is impeding or has impeded and/or frustrated Mrs. Cole's use and enjoyment of the property subject to the usufruct. Ms. Thomas maintains that Mrs. Cole failed to establish the existence of any such interference at trial. Additionally, Ms. Thomas contends that the proper procedural vehicle for the resolution of an alleged disturbance of the usufructuary's use and enjoyment of the property is a possessory action; however, Mrs. Cole failed to prove the elements required to prevail in a possessory action. Therefore, Ms. Thomas submits, the trial court's order that the she vacate the subject property was inappropriate under the applicable law and facts, and it must be reversed.
Mrs. Cole counters that the trial court's order of eviction was proper under Article 566 of the Louisiana Civil Code, which provides that a "usufructuary may institute against the naked owner or third persons all actions that are necessary to insure the possession, enjoyment, and preservation of his right." Mrs. Cole submits that this provision encompasses an action to seek eviction of an "occupant" who no longer has authority to remain on the property. She maintains that while she granted her granddaughter permission to move a mobile home on the premises, she has since decided that she no longer wants to allow Ms. Thomas the right to reside there and has exercised her right as usufructuary to have the naked owner removed from the property. She further submits that it is of "no moment as to the reason she wants the naked owner off the property." According to Mrs. Cole, the naked owner has no right to enter the property subject to the usufruct, and thus has no right to remain after being forbidden from entering the property by the usufructuary.
At trial, Mrs. Cole, who was 88 years-old at the time, testified that when she executed the Act of Donation, Ms. Thomas agreed she would take care of her for the rest of her life. Mrs. Cole expressed her desire to undo the donation because her granddaughter had not been very kind to her. Mrs. Cole learned that Ms. Thomas desired to place her in a nursing home, which greatly upset Mrs. Cole. She testified that she wanted Ms. Thomas off of the property because Ms. Thomas had not been treating her right. She admitted that the presence of the mobile home on the property has not stopped her from enjoying the use of her property; however, when she looks out on the property and sees Ms. Thomas back there, it upsets her.
*962 Michael Thomas, Mrs. Cole's son and Ms. Thomas's father, testified that his daughter had agreed to take care of Mrs. Cole for as long as Mrs. Cole lived. He stated that when Mrs. Cole learned that Ms. Thomas was looking for places to "put her," Mrs. Cole became "unglued." Mrs. Cole's eldest son, Patrick Thomas, added that after his mother learned that Ms. Thomas wanted to put her in a nursing home, Mrs. Cole no longer wanted Ms. Thomas around her.
Ms. Thomas testified that her mobile home is in the very back portion of the property, while Mrs. Cole's home sits towards the middle of the nearly one-acre tract of land. She acknowledged that Mrs. Cole had been like a mother to her. Ms. Thomas testified that Mrs. Cole was "fit as a fiddle" prior to an automobile accident in 2010, following which Mrs. Cole's health started declining. She stated that she, her father, her uncle, and Mrs. Cole had a meeting, during which she took the position that the level of care required by her grandmother was more than she could do on her own. According to Ms. Thomas, everyone agreed at that meeting that Mrs. Cole would not be placed in a nursing home; however, Mrs. Cole still became upset. Ms. Thomas's mother, Kathleen Estilette, testified that after 2013, Mrs. Cole no longer wanted Ms. Thomas to care for her. Paul Lawrence, whom Ms. Thomas married in 2015, testified regarding the care Ms. Thomas provided for her grandmother prior to their marriage, and that afterwards, Ms. Thomas attempted to provide care for Mrs. Cole, but Mrs. Cole would not allow her to do so.
The Civil Code provisions on usufruct govern the parties' relative rights and responsibilities. Barnes v. Cloud, 46,685 (La. App. 2nd Cir. 12/14/11), 82 So.3d 463, 466. A personal servitude is a charge on a thing for the benefit of a person; a usufruct is one type of personal servitude. La. C.C. art. 534. A usufruct is a real right of limited duration on the property of another. La. C.C. art. 535. Louisiana Civil Code article 566 gives a usufructuary the right to institute all actions that are necessary to insure the possession, enjoyment, and preservation of his right against the naked owner. As it is a real right, the usufruct of immovable property is protected by three real actions: the petitory action, the possessory action, and the action of boundary. Louisiana Civil Code article 566 Revision Comments-1976 comment (b).
Mrs. Cole did not institute any of the real actions available to a usufructuary to protect her right to possess and enjoy the property subject to the usufruct. Instead, the main objective of this lawsuit was to obtain the dissolution of the donation inter vivos, which gave Ms. Thomas a naked ownership interest in the property, and to obtain Ms. Thomas's removal from the property because Ms. Thomas did not have a valid ownership interest therein. Furthermore, we disagree with the characterization of this lawsuit as one being in the "nature of a possessory action." The possessory action is one brought by the possessor of immovable property or of a real right therein to be maintained in his possession of the property or enjoyment of the right when he had been disturbed, or to be restored to the possession or enjoyment thereof, when he has been evicted. La. C.C.P. art. 3655. In order to prevail in a possessory action, Mrs. Cole would have been required to demonstrate that there had been an eviction or some other physical disturbance preventing her from enjoying her possession of the property. La. C.C.P. art. 3659. Mrs. Cole made no effort whatsoever to do so. Instead, she merely maintained that she had a legal right to evict Ms. Thomas from the property because she held the usufruct thereon and *963 she no longer desired for Ms. Thomas to live there.[4]
Ms. Thomas's ownership interest in the property was upheld by the trial court and that ruling has not been appealed. The only issue in this case is whether Mrs. Cole, the usufructuary of the property, has a legal right to obtain the naked owner's eviction from the property simply because she no longer desires for the naked owner to live on the property. Under the circumstances of this case, we find that the trial court erred in concluding that Mrs. Cole established legal grounds on which to obtain Ms. Thomas's eviction from the property subject to the usufruct.
Eviction is a proper remedy for an owner of immovable property, who wishes to evict a lessee or "occupant" therefrom, after the purpose of the occupancy has ceased. La. C.C.P. art. 4702 ; PTS Physical Therapy Service v. Magnolia Rehabilitation Service, Inc., 40,558 (La. App. 2nd Cir. 1/27/06), 920 So.2d 997, 999. Louisiana Code of Civil Procedure article 4702, which provides the basis for this remedy, was designed to give an owner of immovable property summary means to evict an occupant without fulfilling the burden and delay required in a petitiory action. Id. The eviction procedure may not be construed to conflict with the Louisiana Code of Civil Procedure articles relating to actions to determine possession and ownership. La. C.C.P. art. 4705. It is well settled that an eviction proceeding is not the appropriate remedy to determine real rights to immovable property. See Champagne v. Broussard, 401 So.2d 1060, 1064 (La. App. 3rd Cir.), writ denied, 409 So.2d 615 (La. 1981) ; Tartan Transport & Construction, Ltd. v. McDonald, 436 So.2d 1270, 1271 (La. App. 1st Cir.), writ denied, 442 So.2d 446 (La. 1983). Moreover, Mrs. Cole is not the owner of the property on which Ms. Thomas resides, and therefore, does not have a right to bring an eviction proceeding under the provisions of La. C.C.P. art. 4702.
A judgment of eviction rendered in favor of a plaintiff must be reversed when the plaintiff fails to prove the legal ground on which the defendant should be evicted. See Edwards v. Edwards, 439 So.2d 478, 479 (La. App. 1st Cir. 1983). We hold that the trial court erred as a matter of law in granting the eviction because Mrs. Cole failed to establish a legal basis on which a judgment of eviction could be rendered against Ms. Thomas.
CONCLUSION
For the foregoing reasons, we maintain the appeal. That portion of the judgment ordering the eviction of Lauren Michelle Thomas is reversed. In all other respects, the judgment appealed from is affirmed. All costs of this appeal are assessed against appellant, Ellen Cole.
APPEAL MAINTAINED; JUDGMENT AFFIRMED IN PART; REVERSED IN PART.

The record reflects that defendant married prior to the trial of this matter. For the purposes of this appeal, we shall refer to defendant as Ms. Thomas.

These same allegations and causes of action were asserted by Mrs. Cole in an initial pretrial order and a subsequent pretrial order. Ms. Thomas took the position that there was no basis in law or fact for the relief sought by Mrs. Cole based on the clear language of the Act of Donation which, conveyed Tract D-3-A to her. She asserted that Mrs. Cole is not entitled to revoke the donation and is not entitled to evict her from the property as the usufructuary of the property.

Whitney Bank filed a brief in this court seeking affirmance of the judgment as to the enforcement and validity of the Act of Immobilization and Multiple Indebtedness Mortgage, neither of which is at issue in this appeal.

We note that the principal objective of this lawsuit was to obtain a decree that the donation of the property to Ms. Thomas was invalid because of the failure of Ms. Thomas to allegedly fulfill a condition of the donation.