Judgment rendered May 26, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,953-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

TOMMY BALLARD, JR.                          Plaintiff-Appellee

versus

VANESSA BALLARD, TATISHA          Defendants-Appellants
WILLIAMS AND ALL OTHERS

* * * * *

Appealed from the
Monroe City Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2020E000880

Honorable Jefferson Bryan Joyce, Judge

* * * * *

SOPHIA DIXON BROWN                     Counsel for Appellants


TOMMY BALLARD, JR.                        In Proper Person,
                                                          Appellee


* * * * *

Before PITMAN, COX, and ROBINSON, JJ.

**ROBINSON, J.**

Vanessa Ballard appeals a judgment ordering her eviction from the premises located at 1101 Ouachita Avenue ("property") in Monroe, Louisiana. Concluding that the Monroe City Court lacked subject matter jurisdiction in this matter, we reverse the judgment.

## FACTS

Vanessa Ballard ("Vanessa") is the wife of Tommy Ballard, Sr. ("Tommy"). Tommy Ballard, Jr. ("Junior"), is Tommy's son. Vanessa and Tommy married on July 5, 2003.[1] Tommy filed for divorce on January 8, 2020.

Property records reflect that the property was conveyed from A'lelia Johnson to Junior by cash sale deed for $25,000 on September 27, 2007. However, the deed contained Tommy's birthdate. On February 18, 2020, Junior executed an affidavit to correct the purported birthdate error on the cash sale deed.

On March 3, 2020, an eviction notice directed to Vanessa, Tatisha Williams, and "all others" was left at the property. The reasons stated for the eviction were nonpayment of rent and damage to property.

On March 11, 2020, Junior filed a rule for eviction against Vanessa, Williams, and all others who occupy the property. He asserted that their right to occupy the property had ended due to "no rent" and "damage to property." Junior verified that the property was not a "covered dwelling" under the federal Coronavirus Aid, Relief, and Economic Security Act,

---

[1] Tommy's divorce petition alleged that they married on July 5, 2006. Vanessa asserted in her answer and reconventional demand to the divorce petition that they married on July 5, 2003.

which had placed a moratorium on certain evictions. Attached to the rule for eviction were the affidavit of correction and a document showing that Junior paid the property taxes in 2019.

A hearing in this matter was held before Judge Aisha Clark on June 22, 2020. The hearing was continued because Junior was ill and unable to appear. Nevertheless, Vanessa informed the court that she could not be evicted because she and Tommy owned the property, they were going through a divorce, and Tommy and Junior had falsified documents to obscure the true ownership of the property. She also related that Tommy had testified in an earlier court proceeding that he owned the property. Judge Clark expressed familiarity with the property and, presumably in reference to the earlier proceeding, had determined that the Monroe City Court lacked jurisdiction. Judge Clark also told Vanessa that the Monroe City Court lacked jurisdiction over a claim to immovable property in a divorce matter.

The next hearing in this matter was held before Judge Tammy Lee on July 22, 2020. Judge Lee recused herself from the case and the matter was reset. A third hearing, presided over by Judge Jefferson Joyce, was held on August 11, 2020. Vanessa and Williams were not present when the matter was called. Under questioning by the court, Junior stated that he owned the property, but allowed his father and Vanessa to live there because he had moved out of town. He told the trial court that he had returned to Monroe and wanted to live on his property. Junior added that his father had to leave the property because of a restraining order, Vanessa did not pay any rent to him, and the property had been damaged. The trial court granted the eviction.

2

Vanessa appeared at the hearing after the eviction had been granted. She told the court that Tommy owns the home, Junior had nothing to do with the property, she and Tommy were going through a divorce, and Junior's paperwork concerning the property had been forged. Vanessa's tardy protestations did not sway the court. She has appealed the judgment ordering the eviction.

## DISCUSSION

Vanessa argues on appeal that the trial court lacked subject matter jurisdiction because there was a dispute concerning ownership of the property pending in the divorce proceeding. She characterizes the eviction as a fraudulent attempt to improperly dispose of community property to her detriment. She maintains that the cash sale deed listed not only Tommy's birthdate, but also his social security number. She asserts that the couple had lived in the home since the date it was purchased and made it their marital residence. The cash sale deed was attached to her motion for appeal. Tommy's divorce petition, in which he alleged that that no community property was acquired, and Vanessa's answer and reconventional demand, in which she alleged they had acquired community property and sought exclusive use and occupancy of the property, were also attached to the appeal motion.

Eviction is a proper remedy for use by an owner of immovable property who wishes to evict the occupant therefrom after the purpose of the occupancy has ceased. La. C.C.P. art. 4702; *PTS Physical Therapy Service v. Magnolia Rehabilitation Service, Inc.*, 40,558 (La. App. 2 Cir. 1/27/06), 920 So. 2d 997. Article 4702 was designed to give an owner of immovable

3

property summary means to evict an occupant without fulfilling the burden and delay required in a petitory action. *Id.*

It is well settled that an eviction proceeding is not the appropriate remedy to determine real rights to immovable property. *Cole v. Thomas*, 2017-0666 (La. App. 1 Cir. 3/22/18), 247 So. 3d 957. Moreover, the subject matter jurisdiction of parish courts and city courts is limited by the amount in dispute and by the nature of the proceeding. La. C.C.P. art. 4841(A). Except as otherwise provided by law, a parish court or city court has no jurisdiction in a case involving title to immovable property. La. C.C.P. art. 4847(A)(1).

The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. La. C.C.P. art. 3. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. *Id.*

Vanessa, who was not represented by counsel in the eviction matter, did not raise the declinatory exception of lack of subject matter jurisdiction in the trial court. Declinatory exceptions are normally subject to waiver provisions. *See* La. C.C.P. articles 925 and 928(A). However, an appellate court has discretion to consider an exception of lack of subject matter jurisdiction filed in that court because the exception goes to the core of the validity of a judgment and is not subject to the waiver provisions generally affecting declinatory exceptions. *DeHaven v. DeHaven*, 412 So. 2d 537 (La. 1982). The issue of subject matter jurisdiction may be raised at any stage of an action, even by the court on its own motion. *Northeast Realty v. Jackson*, 36,276 (La. App. 2 Cir. 8/14/02), 824 So. 2d 1264.

4

The existence of a dispute involving title to immovable property is apparent on this record as Junior is attempting to evict his step-mother from property he alleges that he owns, even though she is claiming an ownership interest in the property through the community property regime. Accordingly, the Monroe City Court lacked subject matter jurisdiction in this proceeding, and the eviction judgment is reversed.

## DECREE

At Tommy Ballard, Jr.'s costs, the judgment is reversed.

**REVERSED.**